McCAIN, Justice:
Petitioner was informed against for robbery in 1970. He pled not guilty, but subsequently withdrew this plea and pled guilty whereupon he was adjudged guilty and sentenced to serve twenty-five years in the State penitentiary. Four years later, the petitioner proceeding pro se and in for-ma pauperis moved in the Circuit Court, 12th Judicial Circuit, which sentenced him, to withdraw his guilty plea alleging that he had pled guilty involuntarily and without an understanding of the consequences. Said Motion was denied on December 23, 1974, and the petitioner sought timely cer-tiorari review by this Court on January 7, 1975. The Attorney General of Florida moved to dismiss same.
Article V, Section 2(a) of the Florida Constitution, requires that this Court adopt rules for the practice and procedure in all courts,
“ . . . . including . . ., the transfer to the court having jurisdiction of any proceeding when the jurisdiction of another court has been improvidently invoked, and a requirement that no cause shall be dismissed because an improper remedy has been sought.”
Since the practical effect of granting the petitioner’s “motion to withdraw guilty plea” would be to vacate the sentence imposed and to set aside judgment, we choose to treat the petitioner’s motion as one for the vacation of sentence under Florida Rule of Criminal Procedure 3.850. Thus, the petition for certiorari is consequently to be treated as an appeal from denial of a Rule 3.850 motion.
An appeal from the denial of a 3.850 motion is properly laid before the appropriate District Court of Appeal. Williams v. State.[1] It would serve no purpose of justice to grant the motion to dismiss just because the petitioner has misconceived his remedy and has failed to invoke the jurisdiction of the proper appellate court.
Accordingly, the motion to Dismiss is denied and this cause is transferred sua sponte to the District Court of Appeal, Second District, for proceedings pursuant to Rule 3.850.
It is so ordered.
ADKINS, C. J., and ROBERTS, OVERTON and ENGLAND, JJ., concur.

. 178 So.2d 586 (Fla.1965).