318 So.2d 196 (1975)
YAMAHA INTERNATIONAL CORPORATION, Petitioner,
v.
Robert EHRMAN et al., Respondents.
No. Y-424.
District Court of Appeal of Florida, First District.
August 8, 1975.
James E. Tribble, Blackwell, Walker, Gray, Powers, Flick & Hoehl, Miami, for petitioner.
Coleman R. Rosenfield, Fort Lauderdale, and Brumer, Moss, Cohen & Rodgers, Miami, for respondents.

ON MOTION TO DISMISS
McCORD, Judge.
This is a motion to dismiss a petition for review of a final administrative order of the Director of the Division of Motor Vehicles. Respondent points out that Rule 4.1, Florida Appellate Rules, states that "all appellate review of the rulings of any commission or board shall be by certiorari as provided by the Florida Appellate Rules." Respondent further correctly states that there is no provision in the Florida Appellate Rules for a petition for judicial review of a final administrative order.
Although respondent's references to the Florida Appellate Rules are correct, Article V, § 4(b)(2) of the Constitution of Florida provides:
"District courts of appeal shall have the power of direct review of administrative action, as prescribed by general law." (emphasis supplied)
The now repealed Administrative Procedure Act provided for such administrative orders to be "reviewable by certiorari by the district courts of appeal within the time and manner prescribed by the Florida appellate rules" (§ 120.31(1), Florida Statutes, 1973). The new Administrative Procedure Act, which became effective January 1, 1975, provides in pertinent part as follows (§ 120.68, 1974 Supplement to the Florida Statutes 1973):
"(1) A party who is adversely affected by final agency action is entitled to judicial review ..."

*197 "(2) Except in matters for which judicial review by the supreme court is provided by law, all proceedings for review shall be instituted by filing a petition in the district court of appeal in the appellate district where the agency maintains its headquarters or where a party resides. Review proceedings shall be conducted in accordance with the Florida appellate rules." (emphasis supplied)
The foregoing statute dropped the provision of the previous statute that review of administrative action be by certiorari. It substituted the above-quoted underlined verbiage by which proceedings for review are now instituted by filing a petition for such review in the District Court of Appeal and set forth specific requirements for the record and briefs. It further specified the extent and limitations of judicial review. (Though we do not here determine the question of whether or not the court is bound by such extent and limitations.)
The Supreme Court has not yet adopted appellate rules governing petitions for review of administrative orders and until such rules are adopted, it is our ruling that the appropriate rules for such review are those governing certiorari [Rule 4.5(c), Florida Appellate Rules], but as amplified by the requirements of § 120.68, 1974 Supplement to Florida Statutes 1973. Although the petition in this cause is properly styled, it does not contain a concise statement of the cause and the reasons relied upon for reversal of the order sought to be reviewed as is required by the aforesaid rule. It is noted that although petitioner, upon filing its petition did not at the same time file the record and its brief as is required by the aforesaid rule, the record and brief have now been filed, though not complete under the requirements of said § 120.68.
The motion to dismiss the petition for review is denied but petitioner is directed to file with this court within twenty (20) days from the date hereof (1) an amendment to the petition, (2) an amended brief and (3) a supplemental record complying with the above requirements. Subsequent filings by respondents shall be in accordance with the time limits set forth in the aforesaid Rule 4.5(c).
BOYER, C.J., and RAWLS, J., concur.