PEARSON, Judge.
The City of Miami appeals a judgment of the circuit court which dismissed the City’s petition for writ of certiorari. The petition in the circuit court sought to review a ruling of the Dade County Board of Rules and Appeals. The circuit court dismissed the petition upon motion of some of the appellees who were respondents to the petition, holding that it had no jurisdiction to review the ruling complained of because the petition was filed after an oral ruling by the Board but prior to the filing of the minutes of the Board. The minutes constituted the only written record of the order for which review was sought.
We reverse upon a holding that the City’s petition in the trial court presented to that court a situation which called for relief in the nature of a suggestion for writ of mandamus. It was error for the trial court to dismiss the petition because it presented a clear case where relief by an extraordinary writ was required. The court should have considered the petition as a suggestion for mandamus and required the filing of a written*order so that a review of the order could be had.
The petition for certiorari filed in the circuit court grew out of the following cir *838 cumstances: Four building permits were issued to .Mr. Burton Goldberg, a developer for construction on a project variously known as Fair Isle and Sailboat Key. On March IS, 1974, the Director of the Building Department of the City of Miami notified Mr. Goldberg that the building permits had been revoked by the City upon the ground that, no action having been taken under the building permits, they had expired. Goldberg, Sailboat Key Corporation, Arkin Construction Company and City National Bank, as Trustee, filed an appeal to the Board of Rules and Appeals of Metropolitan Dade County on March 28, 1974. It is conceded by the City that this Metropolitan Board had authority to review the City’s action because the City has adopted the South Florida Building Code. The Board, at its regular meeting on May 13th, heard the appeal, overruled the building official of the City and ordered reinstatement of the building permits.
On May 17, 1974, the City filed its petition for writ of certiorari in the circuit court. At the same time, the City filed a motion for extension of time to file a certified copy of the record. This motion recited the situation with which the City was confronted, in that it wished review of the order of the Board which had not and might not for some time be reduced to writing. The court granted the motion for extension of time but took no further action. The Metropolitan Board failed to file the minutes of its May 13th meeting until June 10, 1974. Thereupon, after the filing of the minutes and after the time had passed for the filing of a petition for review of the written order contained in the minutes, the respondents to the petition for certiorari filed a motion to dismiss the petition upon the ground that the petitioner sought review of an oral order or decision of -the Board of Rules and Appeals of Dade County. The order dismissing the petition for certiorari granted this motion.
 The Supreme Court of Florida has pointed out that a petition for certiorari may be treated as an appeal. See State v. Johnson, Fla.1974, 306 So.2d 102, and Whitlow v. State, Fla. 1975, 313 So.2d 748. We conclude from these cases that a court, in dealing with a petition for extraordinary relief, must not enter a dismissal upon the narrow ground that the relief ordinarily granted in the type of petition actually filed is not available in that particular case, if the subject petition, upon its face, shows circumstances calling for a different remedy.
In the present case, the City of Miami, in its petition, clearly showed that it was in a dilemma in that it wished the court to review an order which might not be reduced to writing for months. Under these circumstances, it was the duty of the •trial court to require the respondent Board to enter a written order within a limited time and then, upon the filing of such written order, to allow the City to file an amended petition addressed thereto. This holding is necessary because unless boards and commissions that act at their own pleasure are not required to render a written order providing a basis for review, the right of review and, therefore, of access to the courts will be denied citizens who are dependent on the rulings of such boards to avail of their rights.[1] We recognize that *839 this adaptation of the law, requiring mandamus in a situation where a public body has a clear legal duty to act but has not acted,[2] is an extension and innovation in our practice. We regard it as a necessary one in order to meet a situation which has developed where long-established law has been applied but where that law no longer produces a just result.
Thereupon, the order dismissing the City’s petition is reversed and this cause is remanded with directions to permit the City to file an amended petition in the circuit court directed to a review of the written order which has now been entered by the Board of Rules and Appeals of Metropolitan Dade County.
Reversed and remanded.

. See Mancini v. State, Fla.1973, 273 So.2d 371, quoting Justice Terrell in Kelley v. Gottschalk, 1940, 143 Fla. 371, 196 So. 844:
“ ‘The administration of justice is the most precious function a democracy is called on to perform and no rule of procedure was ever intended to defeat it. Courts must have rules to guide them in the performance of this function, but it has never been considered improper to toss right and common sense in these scales and weigh them with the evidence to reach a just result. Rules of procedure are as essential to administer justice as they are to conduct a baseball game, but they should never be permitted to become so technical, fossilized, and antiquated that they obscure the justice of the cause and lead to results that bring its administration into disrepute.’ ”
See also Irvin v. State, Fla.1953, 66 So.2d 288, 296.

. See the rule in State ex rel. Knott v. Haskell, 1916, 72 Fla. 176, 244, 72 So. 651, 659.