324 So.2d 35 (1975)
The CITIZENS OF the State of FLORIDA, Petitioners,
v.
William T. MAYO, Chairman, et al., Respondents.
No. 47503.
Supreme Court of Florida.
October 15, 1975.
*36 Woodie A. Liles, Public Counsel, Lakeland, and Donald W. Weidner, Associate Public Counsel, Tallahassee, for petitioners.
William L. Weeks, Prentice P. Pruitt and Donald R. Alexander, Tallahassee, for the Fla. Public Service Commission, respondents.
Robert P. Gaines and C. Roger Vinson of Beggs, Lane, Daniel, Gaines & Davis, Pensacola, for Gulf Power Co., intervenor.
ENGLAND, Justice.
By motion, Gulf Power Company has requested that we dismiss a petition for certiorari by which public counsel for the State of Florida[1] seeks a review of interim rate increases[2] granted Gulf Power by the Florida Public Service Commission. Gulf Power urges dismissal, among other reasons, for lack of jurisdiction because public counsel failed to file all essential parts of the record, as required by Fla. App.Rule 4.5(c)(1). Public counsel responds in kind, charging that Gulf Power has violated several appellate rules by failing to supplement the record in a timely fashion.
Gulf Power's motion is denied.
This controversy had the following evolution so far as is relevant here:
7/2/74 Gulf Power filed with the Commission requests for interim and permanent rate increases.
7/23/74 The Commission suspended the proposed rate increases, pending public hearings.
12/9/74 Public counsel was authorized to intervene in the rate proceedings.
12/11-12/74 Limited public hearings were held on the interim rate request.
12/20/74 The Commission entered Order 6420, approving interim rate relief.
12/30/74 The Commission entered amendatory Order 6420A.
1/20/75 Public counsel filed with the Court a petition for certiorari to review the interim rate award.
2/12-15/75 Additional public hearings were held.
3/7/75 On motion of Gulf Power, the Court dismissed the petition "without prejudice to our consideration of the substantive questions of law on review of a final order of the Commission in this case."
5/7/75 The Commission entered Order 6650, approving permanent rate increases, reapproving the interim rate increase, and dissolving the interim rate increase bond.
6/5-6/75 Public counsel filed with the Court its portions of the record and a *37 petition for certiorari seeking review of the interim rate increase.
7/7/75 Having intervened in the appeal, Gulf Power filed cross-directions with the Commission's clerk.
7/9/75 Gulf Power moved to dismiss the petition for certiorari, and filed additional directions with the Commission's clerk.
7/11/75 Public counsel filed (i) a statement in opposition to the motion, (ii) a motion to strike Gulf Power's additional directions or in the alternative a request for permission to file the entire transcript of hearings held on 12/11-12/74, and (iii) supplemental written directions to the Commission's clerk.
It is apparent that the Commission's Order of May 7, 1975 was the final order in Gulf Power's rate request proceeding. Gulf Power does not suggest otherwise. It is also quite clear from our Order of March 7, 1975 that public counsel would be accorded his day in this Court on the substantive questions of law relative to the interim rate increase on review of the Commission's final order. Gulf Power, in effect, seeks to deprive public counsel of any opportunity to have us review that rate increase.
By law, the Orders of the Commission in utility rate cases are only reviewable here.[3] Gulf Power's suggestion that we lack jurisdiction under our Rule is without merit. This is not a case like Holden v. City of Fort Lauderdale, 286 So.2d 218 (4th D.C.A. 1973), where the record was wholly inadequate for appellate review. The portions of the record filed by public counsel are sufficient for our review of the issues appealed. Moreover, the petition for review here is not patently frivolous.
The delays which inevitably precede the finality of utility rate matters are such that the legislature recently enacted the "file and suspend" law to reduce regulatory lag at the administrative level. It ill-behooves litigants in these types of cases to engender delays at the judicial level. We look to counsel to control their clients in matters of this nature. Counsel's responsibility to this Court demands a concern for the prompt adjudication of all legal causes, and this is especially true with respect to matters brought to this Court from the Public Service Commission. These matters necessarily affect a significant group of Floridians. Moreover, since counsel for the Commission and public counsel are compensated directly from the general revenue funds of the state, and counsel fees for the utilities have historically been treated as an expense of doing business chargeable to Floridian customers in setting rates, the legal costs of appellate review are borne by the citizens of Florida. Counsel in these cases have an obligation to conduct the affairs of their clients with some regard for the fiscal impact on those Floridians who pay their fees and salaries.
For the foregoing reasons, Gulf Power's motion to dismiss the petition of public counsel is denied. Neither party has violated the appellate rules so flagrantly as to warrant penalties under Florida Appellate Rule 3.17.
So that a substantive review of the Commission's orders may proceed expeditiously, it is ordered that:
(1) the requests of Gulf Power and public counsel for oral argument on Gulf Power's motion to dismiss are denied, and
(2) public counsel's Motion to Strike Intervenor's Directions to the Clerk of the Commission is denied, and its alternative motion to include in the record on appeal *38 the entire record below, including the transcript of testimony from hearings held on December 11-12, 1974, is granted.
It is so ordered.
ROBERTS, BOYD and OVERTON, JJ., concur.
ADKINS, C.J., concurs to the conclusion.
NOTES
[1] The office of public counsel was created in 1974 to represent the general public of Florida before the Public Service Commission. Sections 350.061-0614, Fla. Stat. (Supp. 1974).
[2] Interim rate increases for electric utility companies are authorized under a "file and suspend" procedure enacted by the 1974 Legislature. Section 366.06(4), Fla. Stat. (Supp. 1974).
[3] Fla. Const., art. V, § 3(b)(3); Section 366.10, FlaStat. (1973); Section 120.68, Fla. Stat. Supp. 1974).