333 So.2d 9 (1976)
Robert L. SHEVIN, Attorney General, On Relation of the STATE of Florida and Its Executive Agencies, Petitioners,
v.
PUBLIC SERVICE COMMISSION, a State Entity, et al., Respondents.
The CITIZENS OF the STATE OF FLORIDA, Petitioners,
v.
William T. MAYO, Chairman, et al., Respondents.
Nos. 48416, 48404.
Supreme Court of Florida.
May 12, 1976.
Rehearings Denied June 25, 1976.
*10 Robert L. Shevin, Atty. Gen., James D. Whisenand and Thomas M. Beason, Asst. Attys. Gen., and Woodie A. Liles, Public Counsel, Lakeland, Donald W. Weidner, Deputy Public Counsel, and C. Earl Henderson, Associate Public Counsel, Tallahassee, for petitioners.
William L. Weeks, Prentice P. Pruitt and Jerry M. Johns, Tallahassee, Karl Berolzheimer of Ross, Hardies, O'Keefe, Babcock & Parsons, Chicago, Ill., and D. Fred McMullen, Lee L. Willis and James D. Beasley, of Ausley, McMullen, McGehee, Carothers & Proctor, Tallahassee, for respondents.
HATCHETT, Justice.
Central Telephone Company of Florida and Florida Central Telephone Company (CenTel) initiated proceedings before the Public Service Commission by filing a petition for rate increases. Public counsel and then the attorney general intervened in the proceedings, Docket No. 750320-TP. The intervenors raised orally the question of the extent of their participation at the agenda conference, at which the Commission would take final action on CenTel's rate increase application. In response to the Commission's request that the intervenors set forth their positions in writing, public counsel filed a motion to delineate procedure and the attorney general filed a motion for clarification of procedures. The motions argued that the intervenors should be permitted to participate in agenda conferences on the same footing as the Commission staff. As reflected in the Commission minutes, these motions were denied on October 20, 1975, but no written order has ever been entered. For purposes of deciding the present case, we assume that the lack of a written order is no impediment to review of *11 an unequivocal ruling on written motions by the Public Service Commissioners, duly recorded in the Commission minutes.
Public counsel filed in this Court a petition for writ of certiorari or writ of mandamus or other relief, No. 48,408, and the attorney general filed a petition for review of preliminary, procedural or intermediate agency action. No. 48,416. We granted a motion to consolidate the two cases on November 25, 1975, and granted CenTel's motion for leave to intervene on December 22, 1975. Subsequently Commission counsel filed a motion to quash and dismiss, and CenTel filed a separate motion to dismiss. At public counsel's request, the Court decided in an unreported order to "consider pending motions when it consider[ed] the merits", and set the matter down for oral argument. We conclude that we are without jurisdiction to entertain the petitions, except insofar as public counsel's petition embodies a suggestion for writ of mandamus. We do not grant a writ of mandamus, however, for reasons which hereafter appear.
All petitions were filed on November 21, 1975, which is 32 days after the Commission's action on October 20, 1975. Except insofar as they ask for a writ of mandamus and for a constitutional writ, these petitions are insufficient to confer jurisdiction on this Court because they were filed out of time. The District Court of Appeal, First District, has reached the same conclusion.[1] The attorney general sought review of the Commission's decision, by filing petitions for review on November 21, 1975, not only in the Supreme Court of Florida, but also in the District Court of Appeal, First District. The First District dismissed the attorney general's petition filed there, partly on the basis that the petition was filed out of time.
Under the former administrative procedure act, and in accordance with Rule 4.1, Florida Appellate Rules, 1962 Revision, the exclusive mode of judicial review of agency action was by certiorari, which required the filing of a petition in the reviewing court within thirty days[2] of the action sought to be reviewed. Rule 4.5(c), Florida Appellate Rules, 1962 Revision. The new administrative procedure act contemplates judicial review of certain agency action by means other than certiorari. In Yamaha Int'l Corp. v. Ehrman, 318 So.2d 196 (Fla. App.1st 1975), the court considered the question of how promptly a party aggrieved by agency action must initiate proceedings for review, when he files a petition for review which is not a petition for writ of certiorari. The court concluded in the Yamaha case that the same time limit as applies to petitions for writ of certiorari should also apply to petitions filed pursuant to Fla. Stat. § 120.68 (1975). We adopt as our own Yamaha's holding that the time limitation for filing petitions for writ of certiorari should apply to all "petitions for [judicial] review of administrative orders." Yamaha Int'l Corp. v. Ehrman, supra at 197.
*12 There is no inflexible time requirement governing the initiation of mandamus proceedings. But where another means of review of agency action has been provided by statute or court rule, mandamus is unavailable to extend the time limits. Cf. Whitney Nat'l Bank v. Bank of New Orleans, 379 U.S. 411, 85 S.Ct. 551, 13 L.Ed.2d 386 (1965) (where Congress "has enacted a specific statutory scheme for obtaining review [of agency action]... the statutory mode of review [must] be adhered to notwithstanding the absence of an express statutory command of exclusiveness." 379 U.S. at 422, 85 S.Ct. at 558). Mandamus "is not awarded as a matter of right, but in the exercise of sound judicial discretion." Dickinson v. Stone, 251 So.2d 268, 271 (Fla. 1971). Here, as in State ex rel. Robert L. Turchin, Inc. v. Herin, 99 So.2d 578 (Fla. 1957), we "have concluded that this is a case where the court, in the exercise of its discretion ... must decline to grant the writ, irrespective of the technical legal rights of the parties." At 581.
Although mandamus is a legal remedy, the granting of the writ is governed by equitable principles. City of Miami Beach v. Jonathan Corp., 238 So.2d 516, 519 (Fla.App.3d 1970); State ex rel. Davis v. Adams, 283 So.2d 415, 418 (Fla. 1970) (on reh.); State ex rel. Mann v. Burns, 109 So.2d 195 (Fla.App.1st 1959); State ex rel. Robert L. Turchin, Inc. v. Herin, supra. Just as equitable remedies are unavailable when there is an adequate remedy at law, Egan v. City of Miami, 130 Fla. 465, 178 So. 132 (1938); City of Jacksonville v. Giller, 102 Fla. 92, 135 So. 549 (1931), so relief by mandamus is unavailable unless "no other adequate remedy exists." State ex rel. Blatt v. Panelfab Int'l Corp., 314 So.2d 196, 198 (Fla.App.3d 1975); Moneyhun v. Purdy, 258 So.2d 505 (Fla.App.3d 1972). We proceed on an assumption that petitioners might have invoked the jurisdiction of this Court by timely filing[3] their petitions here, so that they had an adequate means of raising in this Court the issues sought to be raised by mandamus, but did not avail themselves of it. Mandamus will not issue to relieve litigants of the consequences of failing to file in time for other appropriate relief.
Public counsel has also invoked the all writs clause as a basis for this Court's jurisdiction. That provision confers jurisdiction on the Court to issue "all writs necessary to the complete exercise of its jurisdiction." Fla. Const. Art. V, § 3(b)(4). This language contemplates a situation where the Court has already acquired jurisdiction of a cause on some independent basis, and the complete exercise of that jurisdiction might be defeated if the Court did not issue an appropriate writ or other process, e.g., a stay of related proceedings in another court or their transfer here for consolidation. Wilson v. Sandstrom, 317 So.2d 732 (Fla. 1975); State v. Lee, 8 So.2d 19 (Fla. 1942) (the all writs provision "has reference only to ancillary writs ... and does not confer added original or appellate jurisdiction in any case." At 21). In the present case, we do not have jurisdiction on any independent basis, so there is no occasion for any ancillary writ.
The suggestion for writ of mandamus is denied. Insofar as they seek other relief, the petitions are dismissed.
OVERTON, C.J., and BOYD and SUNDBERG, JJ., concur.
ENGLAND, J., dissents.
NOTES
[1] The body of the order of dismissal reads:

As stated by the Florida Supreme Court in the Citizens of the State of Florida v. Mayo, 324 So.2d 35, 37 (Fla. 1975): "By law, the Orders of the Commission in utility rate cases are only reviewable here," Fla.Cons., Art. V, § 3(b)(3); § 366.10, Fla. Stat. (1973); § 120.68, Fla. Stat. (Supp. 1974). In addition, even if we had jurisdiction, the petition for review was not filed within the time period allowed by the rules, Yamaha International Corp. v. Ehrman, 318 So.2d 196 (Fla.App.1st 1975); Rule 4.5 c. F.A.R.
[2] Petitioners rely on the decision in Dubin v. Department of Business Regulation, 252 So.2d 290 (Fla.App.1st 1971) for the proposition that the 30 day time limit for filing should be extended three days when judicial review of administrative orders is sought. Assuming, without deciding, the correctness of the Dubin case, the extra-three-days rule laid down in Dubin can have no application to an order that is never reduced to writing and is never mailed.
[3] Even if the petitions had been timely filed, the Court would not necessarily have been obliged to reach the merits or, reaching the merits, to grant the "extraordinary remedy of judicial intervention in agency proceedings still in progress." Coca-Cola Co. v. Federal Trade Com'n, 475 F.2d 299, 304 (5th Cir.1973) cert. den. 414 U.S. 877, 38 L.Ed.2d 122, 94 S.Ct. 121 (1973).