336 So.2d 383 (1976)
RILEY-FIELD CO., a Florida Corporation, Petitioner,
v.
Reubin O'd. ASKEW et al., Respondents.
CITY OF NORTH KEY LARGO BEACH, Florida, Petitioner,
v.
Reubin O'd. ASKEW et al., Respondents.
Nos. BB-493, BB-494.
District Court of Appeal of Florida, First District.
July 19, 1976.
Rehearing Denied September 1, 1976.
*384 A.N. Spence and John P. McNutt and L. Grant Peeples, of Peeples, Earl & Blank, P.A., Miami, for petitioners.
Robert L. Shevin, Atty. Gen., Thomas A. Harris and Donna H. Stinson, Asst. Attys. Gen., Tallahassee, for respondents.
SMITH, Judge.
In accordance with certiorari procedures made applicable by Yamaha Int'l Corp. v. Ehrman, 318 So.2d 196 (Fla.App. 1st, 1975), petitioners seek review of Fla. Admin. Code Rule 22F-13 which the Administration Commission of the Department of Administration adopted March 9, 1976 and filed in the office of the Secretary of State on March 10, designating much of Monroe county as an area of critical state concern. Secs. 120.68, 380.05(1)(b), F.S. 1975. Because the petitions for certiorari were not filed within 30 days after the rule's adoption and filing, respondents moved to dismiss the petitions as untimely filed, invoking Rule 4.5c, F.A.R.:
"(1) ... Application for writ of certiorari shall be by petition filed in the Court within 30 days from the rendition of the decision, order, judgment or decree sought to be reviewed."
An agency rule such as Rule 22F-13 is not strictly a "decision, order, judgment or decree" within the contemplation of appellate Rule 4.5c(1), and it is not "rendered" in the same way or with the same effect. Because appellate Rule 4.5c(1) was not designed particularly for review of chapter 120 proceedings, we may and, in the absence of constraints in the Rule, should adjust it to better fit the circumstances of administrative review.
It is evident from an examination of the rulemaking process of the Administrative Procedure Act that it will often be premature for this Court to review an agency rule immediately upon its adoption. For, while an agency's "adoption" of a proposed rule and its filing with the Department of State might otherwise seem roughly equivalent to "rendition" of a judicial "decision, order, judgment or decree" for purposes of opening the period to seek judicial review, closer inspection of the statute reveals that administrative action on the proposed rule may yet be incomplete. The legislative scheme delays the effectiveness of agency rulemaking action in order to allow objections by the Administrative Procedures Committee and their resolution by agency *385 modification or withdrawal of the proposed rule. Sec. 120.54(10), (11), (12), F.S. 1975.
Florida's appellate courts have no need to review agency orders which, though adopted, may never become effective, nor to assume jurisdiction for that purpose. We therefore construe appellate Rule 4.5c in this context as requiring the filing of a petition for review within 30 days after the effective date of an agency rule, whether it becomes effective on a date required by statute, or by the expiration of 20 days after its filing in the Department of State, or otherwise by operation of § 120.54, F.S. 1975.
The complexities of § 120.54(10), (11) and (12) which fix the effective date of an agency rule may seem a stumbling block to the lawyer, wary of the doctrines of rendition and finality, who hopes to petition for certiorari review neither too soon nor too late for jurisdictional purposes. While such exactitude has been required in other contexts, here no embarrassment arises in the Constitution, statutes or rules from premature filing of a petition for review after an agency has adopted and filed a proposed rule but before it becomes effective. We will regard such a filing as preserving our jurisdiction "in limbo" until the agency's proposed rule becomes effective and perfects our jurisdiction to review by certiorari. Compare Williams v. State, 324 So.2d 74, 79 (Fla. 1975).
The petitions for review here were filed within 30 days after Rule 22F-13 became effective by the passage of 20 days after its filing with the Department of State. Sec. 120.54(11), F.S. 1975. The petitions were timely. The motion to dismiss is denied.
BOYER, C.J., and McCORD, J., concur.