341 So.2d 523 (1977)
The SCHOOL BOARD OF LEE COUNTY, Florida, Appellant,
v.
Paul MALBON, Appellee.
No. 76-775.
District Court of Appeal of Florida, Second District.
January 5, 1977.
Rehearing Denied February 8, 1977.
*524 Harry A. Blair, Fort Myers, for appellant.
F. Kendall Slinkman, Farish & Farish, West Palm Beach, for appellee.
BOARDMAN, Chief Judge.
Appellant/respondent appeals a peremptory writ of mandamus issued upon the motion of appellee/petitioner directing appellant to render a final written order.
Appellee, Paul Malbon, was employed by appellant, School Board of Lee County (Board), as a project inspector until he was terminated by the Superintendent of Schools (Superintendent) effective January 31, 1975. Appellee filed a petition for reinstatement, and a hearing was held before an examiner designated by the Board. On May 20, 1975, the examiner recommended that appellee be reinstated because the Superintendent did not have authority to discharge a noninstructional employee absent an emergency. He suggested that if the Superintendent still felt that appellee should be terminated that he could recommend to the Board that appellee be discharged which could be accomplished by the Board with or without cause. The Board filed exceptions to the examiner's findings of fact and conclusions of law.
Appellee and his attorney were present at the September 2 meeting where by voice vote the Board voted to approve the motion to accept the exceptions and the termination of appellee's employment. The motion and the vote were recorded in the minutes which were approved at the next regular meeting of the Board on September 16. Upon the request of appellee's counsel he received on October 23 excerpts of the minutes of the September 2 and 16 meetings and on November 4 received certified copies of the complete minutes of the entire meeting. The minutes reflected that the Board unanimously voted to approve a motion to
accept the Superintendent's recommendation to approve the Exceptions as filed by the School Board Attorney, Harry A. Blair, and that Mr. Paul Malbon be terminated as of the effective termination date, January 31, 1975.
Appellee initiated this action on January 5, 1976, by filing a petition for an alternative writ of mandamus in the Circuit Court for Lee County.
The new Administrative Procedure Act (APA), effective January 1, 1975, provides for judicial review of final administrative orders by filing a petition for review in the district court of appeal. Florida Statutes, Section 120.68(1), (2). Until the Florida Supreme Court adopts appellate rules specifically applicable to review of final agency action the appellate rules applicable to certiorari as modified by the APA will be followed. See Yamaha International Corp. v. Ehrman, 318 So.2d 196 (Fla. 1st DCA 1975); Shevin v. Public Service Commission, 333 So.2d 9 (Fla. 1976); Florida Statutes, Section 120.68(2). Rule 4.5 c(1), F.A.R., requires that an
[a]pplication for writ of certiorari shall be by petition filed in the Court within 30 days from the rendition of the decision, order, judgment or decree sought to be reviewed.
The rule is not specifically addressed to time limits on review of administrative action since agency orders and rules are not rendered in the same manner as is a judicial order. See Dubin v. Department of Business Regulation, 252 So.2d 290 (Fla. 1st *525 DCA 1971).[1] Rule 4.5 c(1) has been adapted to typical agency procedures by equating the day of rendition with the day an unequivocal ruling is recorded in the minutes of the administrative body. Public Service Comm'n, supra, at 11. In view of this construction by the supreme court we hold that the petition was untimely because appellee failed to file for relief within 30 days of the recordation on September 2, 1975, of the Board's ultimate decision regarding appellee's termination from employment.
It is well established that a writ of mandamus will not issue unless there is no other adequate remedy available to the petitioner. The APA provides for review of the issues raised by appellee in this action by filing a petition in the district court of appeal. Florida Statutes, Section 120.68(2). It is true that at the time this action was filed in the circuit court appellee did not have the statutory remedy available to him because he had failed to timely file. Although a mandamus action is not subject to time limitations it cannot be used as a means of extending the period for review. Public Service Comm'n, supra. Furthermore the petition should have been lodged in the district court of appeal not in the circuit court which has limited jurisdiction in agency matters.[2] See Florida Statutes, Section 120.68(2), .73.
An aggrieved party is entitled to review of agency action when the action becomes final, and an order is final when it is reduced to writing. Florida Statutes, Sections 120.52(9), .68(1). We cannot agree with appellee that the rules applicable to review under the APA are abrogated where the agency does not render a written order stating its findings of fact and conclusions of law as directed by Section 120.59(1), Florida Statutes. The court is empowered to order an agency to comply with the procedure outlined in Section 120.68(5). See also Florida Statutes, Section 120.68(6)-(9) (11)-(13). In some instances, for example this appeal, a formal written order may not be needed to effectively dispose of the cause on review. See Public Service Comm'n, supra. The order of the Board in this case may be insufficient in form as is contemplated by Section 120.59(1), but it is sufficient in substance as contemplated by Section 120.68(1).
The order of the trial court is reversed and the peremptory writ of mandamus is quashed.
REVERSED.
GRIMES and SCHEB, JJ., concur.
NOTES
[1] The First District Court of Appeal held in Dubin that a party aggrieved by agency action should be afforded an additional three days in which to file for review to allow for notice of the action to be delivered by mail. The Florida supreme court has neither affirmatively approved nor overruled Dubin. Justice Hatchett stated in Public Service Comm'n that the Dubin rule was inapplicable to circumstances such as those presented by the case before us where a notice was not mailed and the order was not reduced to formal, written form.
[2] In City of Miami v. Southeast First Nat'l Bank, 320 So.2d 836 (Fla. 3d DCA 1975), the court held that it was proper for the circuit court to issue a writ of mandamus requiring an agency to enter a written order to provide a basis for judicial review. We point out, however, that in Southeast Bank the aggrieved party sought relief in the circuit court prior to the effective date of the 1974 revision of the APA. At the present time the district court is authorized by the APA to require an agency to render a written order stating its findings of fact and conclusions of law.