351 So.2d 712 (1977)
FLORIDA ADMINISTRATION COMMISSION et al., Petitioners,
v.
DISTRICT COURT OF APPEAL, FIRST DISTRICT, Respondent.
No. 50242.
Supreme Court of Florida.
October 14, 1977.
*713 Robert L. Shevin, Atty. Gen., Tallahassee, and Thomas A. Harris, Asst. Atty. Gen., Tallahassee, for relators.
L. Grant Peeples and William L. Earl of Peeples, Earl & Blank, Miami, and A.N. Spence and John P. McNutt, Miami, for respondent.
KARL, Justice.
This is an original proceeding in which the Florida Administrative Commission and James Williams, Lieutenant Governor, as relators, request a writ of prohibition to prohibit the First District Court of Appeal from purporting to exercise jurisdiction to entertain Cases No. BB-493 and BB-494 or to carry those cases on its docket. Article V, Section 3(b)(4) of the Florida Constitution vests jurisdiction in this Court.
We issued a rule nisi in prohibition and have received a return and answer.
More than thirty days after the Florida Administrative Commission adopted and filed with the Department of State their Rule 22F-13, the City of North Key Largo Beach, Florida, and Riley-Field Company, a Florida corporation, filed their petitions with the District Court of Appeal, First District, seeking review of final agency action under Section 120.68, Florida Statutes (1975). Their petitions were assigned numbers *714 BB-493 and BB-494 and were consolidated.
When presented with motions to dismiss the petitions on the grounds that they were not filed within the time allowed in Fla. App. Rule 4.5(c)(1), the District Court of Appeal held that Section 120.54(10), (11), (12), Florida Statutes (1975), prevented the rule from becoming effective until twenty days after it was filed and that the petitions, which were filed within thirty days after the effective date, were timely.[1]
The term "agency action" includes the adoption of rules by the administrative agencies.[2] Judicial review of final agency action is conducted in accordance with Florida Appellate Rules[3] and specifically in accordance with Fla.App. Rule 4.5(c)(1).[4] We recognize, as did the District Court of Appeal, that an agency rule, such as Rule 22F-13, is not strictly a "decision, order, judgment or decree" within the contemplation of appellate rule, that it is not "rendered" in the same way or with the same effect as decisions, orders, judgments and decrees and that we must judicially determine how our procedural rule will be applied in reviewing rules adopted by administrative agencies.
Section 120.54, Florida Statutes (1975), describes the rulemaking procedure to be followed by the agencies. Had they been granted the right to adopt their rules without other administrative or legislative action, there would be no ambiguity or confusion. But the Legislature, in emphasizing its declaration that the agencies have no inherent rulemaking authority,[5] included Sections 120.54(10), (11) and (12), Florida Statutes (1975), requiring filing of proposed rules with the legislative Administrative Procedures Committee, extensive preadoption notice, filing with the Department of State after adoption and at least twenty days before the effective date and a procedure for the legislative committee to interpose objections. The mandatory delayed effective date and the possibility that legislative objections will result in withdrawal or modification of the rule before it becomes effective raise the questions as to the date when the agency action becomes final and, therefore, subject to review.
Although in some cases the rules may be withdrawn or changed following their adoption by the agency and filing with the Department of State, we hold that the final agency action occurs when the rules are filed with the Department of State and that a petition seeking judicial review under Fla.App. Rule 4.5(c)(1) must be filed within thirty days thereafter[6] to confer jurisdiction on the court.
Rule 4.5(c)(1) provides:
"Application for writ of certiorari shall be by petition filed in the Court within 30 days from the rendition of the decision, order, judgment or decree sought to be reviewed... ."
The date of rendition contemplated by the rule is the date the rule is filed. Fla.App. Rule 1.3 so instructs us by providing:
"Rendition ... means that it has been reduced to writing, signed and made a matter of record, or if recording is not required then filed."
Agency action is final in rulemaking procedures when the rule has been adopted and filed. Nothing in Section 120.54(10), (11), (12), Florida Statutes (1975), requires the Legislature to interpose objections.[7] If legislative objections are filed, *715 they do not repeal or modify the rule, although the law requires affirmative agency reaction in order to preserve the rule which has been adopted.[8] Sub judice, there was neither legislative nor agency action after the rule was filed with the Department of State.
We acknowledge the possibility that our decision today may result in a situation in which petitions for review are filed with the District Court of Appeal before the rules to be reviewed become effective. Such premature filing will not result in adverse consequences for the litigants or the court and may not, therefore, constitute a ground for dismissal of the petition.
The time limitation of Rule 4.5(c)(1), Florida Appellate Rules, for filing a petition for review is jurisdictional and cannot be waived by the court. Shevin v. Public Service Commission, 333 So.2d 9 (Fla. 1976); Wieczorek v. Williams, 71 So.2d 262 (Fla. 1954); Harris v. Condermann, 113 So.2d 235 (Fla. 3d DCA 1959). The petition in this case was not filed within the time allowed and did not, therefore, vest jurisdiction. Prohibition is the appropriate procedure.[9]
Accordingly, the writ of prohibition requested by relators is granted, and the judges of the First District Court of Appeal are prohibited from exercising jurisdiction to entertain Cases No. BB-493 and BB-494 and from carrying said cases on the docket.
It is so ordered.
OVERTON, C.J., and BOYD, ENGLAND and SUNDBERG, JJ., concur.
NOTES
[1] Riley-Field Co. v. Askew (City of North Key Largo Beach v. Askew), 336 So.2d 383 (Fla. 1st DCA 1976).
[2] Section 120.52(2), Fla. Stat. (1975).
[3] Section 120.68(2), Fla. Stat. (1975).
[4] Yamaha Int'l Corp. v. Ehrman, 318 So.2d 196 (Fla. 1st DCA 1975).
[5] Section 120.54(13), Fla. Stat. (1975).
[6] Cf. Dubin v. Department of Business Regulation, 252 So.2d 290 (Fla. 1st DCA 1971).
[7] Section 120.54 was amended by the 1976 Legislature. A new Section 120.545 was added in 1976, which describes in detail the procedure for and the effect of objections by the legislative committee. These changes are not applicable to the rule here under review.
[8] § 120.54(10)(a), Fla. Stat. (1975).
[9] English v. McCrary, 348 So.2d 293 (Fla. 1977), filed May 6, 1977, rehearing denied July 13, 1977.