ON MOTION TO DISMISS
ERVIN, Judge.
Respondent, Department of Banking and Finance, filed a motion to dismiss petitioner’s notice seeking review, alleging that petitioner filed its notice more than 30 days from the rendition of the order sought reviewed, thus precluding our jurisdiction. The order from which the appeal was taken was entered March 31, 1978, and bore a certificate of service of the same date. The notice was not filed until May 3, 1978, or 33 days thereafter. We must first examine the appropriate rules, cases and statutes pertaining to administrative review in an effort to determine whether our jurisdiction was correctly invoked.
Fla.R.App.P. 9.110(b) provides that the jurisdiction of the appellate court is effected by filing notice “with the clerk of the lower tribunal within 30 days of rendition of the order to be reviewed.” Rendition of an order is defined as “the filing of a signed, written order with the clerk of the lower tribunal.” Fla.R.App.P. 9.020(g). The Department of Banking and Finance, an administrative agency, is a lower tribunal. Fla.R.App.P. 9.020(d); cf. State of Florida, Department of Health and Rehabilitative Services v. Samuel Barr, No. JJ-199 (Fla. 1st DCA, July 18, 1978). It follows from the above cited rules that a notice must be filed with the agency’s “clerk” within 30 days after an order has been rendered, otherwise we have no jurisdiction.
It is true that we previously held in Dubin v. Department of Business Regulation, 252 So.2d 290 (Fla. 1st DCA 1971), and Murphy v. State, Department of Administration, 342 So.2d 147 (Fla. 1st DCA 1977) that three days must be added to allow for mailing, or a total of 33 days, before we are divested from jurisdiction in reviewing *98 agency orders. We believe, however, that the rationale of those decisions has been eroded both by the adoption of the 1978 appellate rules and by the Florida Supreme Court’s decision in Fla. Admn. Comm’n. v. Dist. Court of Appeal, 351 So.2d 712 (Fla. 1977). In Fla. Admn. Comm’n., our Supreme Court held that the First District Court of Appeal was without jurisdiction to entertain an appeal of an agency rule filed more than 30 days after the rule had been filed with the Department of State. While the court’s decision was not concerned with the appeal of an agency order, as here, we do not believe this is a material distinction. The decision broadly stated, “The time limitation of Rule 4.5(c)(1), Florida Appellate Rules, for filing a petition for review is jurisdictional and cannot be waived by the court.” Id. at 715.[1] Additionally, Fla.R. App.P. 9.020(e) defines “order” as including both the rule and order of the lower tribunal.[2]
Turning to the Administrative Procedure Act, we find it is of no assistance as to the type of procedure agencies should follow when filing final orders. It requires only that a “final order in a proceeding which affects substantial interests shall be in writing or stated in the record . . .’’ Section 120.59(1), Florida Statutes (1977). The Act is explicit in its requirement that “an agency decision shall be final when reduced to writing.” Section 120.52(9). Agencies are, however, authorized to adopt rules of practice setting forth the “requirements of all formal and informal procedures . . . .” Section 120.53(l)(b). If an agency does adopt any such rule of practice pertaining to the filing of its final orders, the rule must not be inconsistent with Fla.R.App.P. 9.020(g), requiring that the written order be filed with the clerk of the agency whose order is sought to be reviewed.[3]
Fla.R.App.P. 9.020(g) is clear that before an order is rendered it must be filed with the clerk of the appropriate agency. Here no proof was presented that the order sought to be reviewed had been filed with the person specifically designated as clerk or that there was a person who customarily maintained records of agency proceedings in the absence of specific designation or rule.
A peripheral question, not directly raised by the parties but one which we feel should be addressed in the event proof is lacking that the order was rendered, is what are the consequences to a party who improvidently files an appeal from an order which was reduced to writing but never rendered? The Supreme Court, in its construction of former appellate rules 1.8, 3.2(b), and 6.2, pertaining to rendition of both civil and criminal appeals, has supplied a ready answer. Such notice shall “not be subject to dismissal. . . . [but] shall exist in a state of limbo until the judgment in the respective civil or criminal case is rendered.” Williams v. State, 324 So.2d 74, 79 (Fla.1975). While the rules have since been amended, there is no logical reason why a different result should now obtain.[4]
*99 Finding there has been a material error in procedure or a failure to follow prescribed procedure, Section 120.68(8), this cause is remanded to respondent for the purpose of holding a hearing to determine whether the order sought to be reviewed was rendered in compliance with the 1978 Florida Appellate Rules.
Remanded for further proceedings not inconsistent with this opinion.
McCORD, C. J. and MILLS, J., concur.

. Rule 4.5(c)(1) of the 1962 rules required, as does Rule 9.110(b), that the appeal be filed within 30 days “of the order . . . to be reviewed.”

. Committee note to Rule 9.020(e) states that the term “was broadly defined to include all final and interlocutory rulings of a lower tribunal and rules adopted by an administrative agency.” 32 Fla.Stat.Ann. 4 (1978 special pamphlet).

. Even in the absence of an agency rule of practice, Fla.R.App.P. 9.020(b), in its definition of “clerk”, suggests that evidence may be presented to reveal “the official or agent who most closely resembles a clerk in the functions performed.” The committee note to 9.020(b) states that the term “clerk” includes the person who in fact maintains records or proceedings in the lower tribunal where no person is specifically and officially given that duty. Thus, even if no agency rule is adopted, there would be no violation of the appellate rules if evidence were, presented revealing the person who in fact maintained agency records. We are not asked, nor do we decide at this juncture, whether an agency’s failure to adopt rules of practice designating an agency clerk is a violation of the rulemaking provisions of the APA.

.See comment to Fla.R.App.P. 9.110(b).