387 So.2d 459 (1980)
Jean B. SPEED, Appellant,
v.
FLORIDA DEPARTMENT OF LEGAL AFFAIRS, Appellee.
No. KK-41.
District Court of Appeal of Florida, First District.
August 15, 1980.
Rehearing Denied September 16, 1980.
Clinton H. Coulter, Jr., of Duvall & Coulter, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Christopher D. Rolle, Asst. Atty. Gen., for appellee.

ORDER DISMISSING APPEAL
McCORD, Judge.
Appellant, on May 15, 1978, filed with the Career Service Commission of the State of Florida a notice of appeal to this Court of that Commission's final order dated April 6, 1978, and on the same date filed a notice of appeal with the Clerk of this Court. Having nothing in the record before *460 us to show that the order was filed as required by the 1978 Florida Appellate Rules and thus being unable to determine the question of timeliness of the appeal, we remanded the cause for a determination as to whether or not the order sought to be reviewed was filed with the Clerk of the Career Service Commission and, if it was so filed, the date on which the filing occurred. Fla.R.App.P. 9.110 provides in pertinent part as follows:
(b) Commencement. Jurisdiction of the court under this rule shall be invoked by filing two copies of a notice, accompanied by filing fees prescribed by law, with the clerk of the lower tribunal within 30 days of rendition of the order to be reviewed.
(c) Exception; Administrative Action. In appeal of administrative action, the appellant shall pay the fee and file the second copy of the notice with the court.
Fla.R.App.P. 9.020(g) defines "rendition" as follows:
"(g) Rendition (of an order): the filing of a signed, written order with the clerk of the lower tribunal. * * *"
As to the term "Clerk," the committee notes to Rule 9.020 provide as follows:
The term "clerk" retains the substance of the term "clerk" defined in the former rules. This term includes the person who in fact maintains records of proceedings in the lower tribunal where no person is specifically and officially given that duty.
In response to our order, appellee filed a copy of the Career Service Commission order to which is attached a certificate of service certifying mailing of a copy thereof to appellant and to appellee on April 10, 1978, and moved to dismiss this appeal. (This certificate of service appears on the order contained in the record filed with this Court.) In addition, the copy of the order attached to appellee's response and motion to dismiss contains the certificate of Dorothy B. Roberts, Appeals Coordinator, Career Service Commission, certifying as follows:
I HEREBY CERTIFY that the above and foregoing is a true and correct xerox copy of the original opinion and order filed in this office on April 10, 1978, in the case of Jean Speed against Dismissal by the Department of Legal Affairs, Docket No. 77-71, which is under my control in the files of the Career Service Commission.
This certificate of the Appeals Coordinator, Career Service Commission, establishes April 10, 1978, as the date of rendition of the order. Appellant thereafter had 30 days within which to file her notice of appeal, but she failed to file until May 15  five days after the time for filing had expired. Because the notice was not filed within the 30-day period following rendition of the order, we do not have jurisdiction. Bank of Port St. Joe v. State, 362 So.2d 96 (Fla. 1st DCA 1978).
Appellant, in her response to appellee's motion to dismiss the appeal contends that since the face of the administrative order as originally issued does not reflect a filing date or a rendition date but does bear a certificate that it was mailed on April 10, 1978, her time for filing of the notice of appeal began on April 10; that she had 30 days from that date plus five additional days under Fla.R.App.P 9.420(d) (which adds five days because of service by mail) with which the notice could be filed and thus the filing was timely. She cites Dubin v. Dept. of Business Regulation, 252 So.2d 290 (Fla. 1st DCA 1971). The ruling in Dubin, however, is no longer valid. It was decided prior to the adoption of the above-quoted rules of appellate procedure which now definitely establish the date of rendition of an administrative order as the date it is filed with the clerk of the lower tribunal, the lower tribunal being defined as "the court, agency, officer, board, commission or body whose order is to be reviewed" Fla.App.R. 9.020(d). As pointed out by the above quoted committee notes, the term "clerk" includes the person who, in fact, maintains records of proceedings in the lower tribunal where no person is specifically and officially given that duty. While it would be extremely helpful to this Court and the litigants if administrative agencies would place on their orders a certificate showing the date of filing of same with the agency's clerk, as was belatedly done in this *461 case, we find no requirement in the appellate rules that such must be done. We strongly recommend such procedure as it would alleviate time-consuming work by this heavily-loaded Court as well as the Attorney General's Office and the agency involved.
Appellee's motion to dismiss is granted and this appeal is dismissed.
BOOTH and SHAW, JJ., concur.