ON MOTION TO DISMISS
PER CURIAM.
The Division of Retirement moves to dismiss this appeal on the ground that the notice of appeal was not timely filed. The Division states that final agency action oc *1195 curred on December 29,1980, that a motion for rehearing was denied January 20, 1981, and that the notice of appeal was not filed until February 2, 1981. The Division contends that since the motion for rehearing did not toll the time of rendition of the final order, see Systems Management Associates, Inc. v. Department of Health and Rehabilitative Services, 391 So.2d 688 (Fla. 1st DCA 1981), this appeal must be dismissed. We deny the motion to dismiss because the Division has not favored us in the certified record or otherwise with a copy of the appealed order bearing its clerk’s indication of the date the order was filed for record.
In Bank of Port St. Joe v. Department of Banking and Finance, 362 So.2d 96 (Fla. 1st DCA 1978), this Court pointed out that appellate jurisdiction is invoked by filing a notice within 30 days of rendition of the order sought to be reviewed, Fla.R.App.P. 9.110(b), and before an order is rendered it must be filed with the clerk of the lower tribunal, Fla.R.App.P. 9.020(g). The Court found no proof that the order sought to be reviewed had ever been filed with the clerk, and therefore remanded the cause to the agency for the purpose of holding a hearing to determine whether the order had been rendered. In Speed v. Florida-Department of Legal Affairs, 387 So.2d 459 (Fla. 1st DCA 1980), the notice of appeal was filed on May 15, 1978; the order appealed was dated April 6, 1978. However, there was nothing in the record to indicate if or when the order was filed, and the cause was remanded for a determination of the filing date.
When the orders on appeal in the above cases were entered, section 120.52(9), Florida Statutes (1977), read as follows:
“Order” means a final agency decision which does not have the effect of a rule and which is not excepted from the definition of a rule .... An agency decision shall be final when reduced to writing.
Subsequently, section 120.52(9) was amended by Chapter 79-299, section 1, Laws of Florida, and the following underlined language was added:
An agency decision shall be final when reduced to writing and filed with the person designated by the agency as clerk. The clerk shall indicate the date of filing-on the order.
The obvious purpose of requiring an agency clerk to indicate the date of filing on an order is to establish with certainty the date of rendition, thus eliminating the necessity of remanding cases for fact-finding proceedings on that issue. Since the timely filing of the notice of appeal is jurisdictional, the filing date of the final order is of vital importance. By amending section 120.52(9), the Legislature recognized that the filing date of an order should not be subject to dispute and directed that the agency’s clerk indicate the date of filing on the order.
In this case, the Division did not transmit to this Court, in its official record of the proceedings or otherwise, a copy of the order, if there is one, bearing the filing date noted by the Division’s clerk. In that circumstance, we decline to assume a particular filing date which is the predicate for the Division’s motion to dismiss the appeal as untimely. Because the statutory direction was quite clear, we decline to remand the case for a determination of the filing date, as we did in Speed; and we likewise will decline to revisit the matter should the Division at this stage attempt to cure the defect.
The Division’s motion to dismiss is DENIED.
ROBERT P. SMITH, Jr., C. J., and McCORD and ERVIN, JJ., concur.