# ARMAN V CITY OF TAMPA, et al.

## Case No. 85-9757

Thirteenth Judicial Circuit, Hillsborough County

September 27, 1985

### APPEARANCES OF COUNSEL

**George F. Grawe, Jr.,** Assistant City Attorney, for appellee.
**J. Stanford Lifsey** for appellant.

### OPINION OF THE COURT

RALPH STEINBERG, Circuit Judge.

The Appellee, City of Tampa, filed a Motion to Dismiss the Appeal by Appellant, Elliott M. Arman, of a decision of the Civil Service Board for the City of Tampa, Florida dismissing Appellant's claim. The written decision of the Board is contained in a letter addressed to the Appellant, dated May 15, 1985, stating that, "at its meeting of May 14, 1985, after hearing all testimony presented and deliberating upon the testimony ruled to uphold its decision to dismiss the case of your hearing before the Board." The letter is signed by Morris N. Jenkins, PHR, the Executive Director of the Civil Service Board. There is no indication on the letter of a date of filing with a person designated as clerk. The Notice of Appeal was filed June 18, 1985, more than thirty

days after the decision of the Board and the date of the letter addressed to Appellant advising him of such decision. Appellant's attorney filed an Affidavit stating that he attempted to file a Notice of Appeal on June 14, 1985 but that it was not accepted by the Clerk of this Court because the filing fee presented was inadequate.

Appellee urges the Court to dismiss this Appeal as being untimely filed pursuant to Rule 9.110(b) of the Florida Rules of Appellate Procedure.

Appellant contends that the Appeal was timely filed on the basis of his assertion that the Notice of Appeal was presented to the Clerk on June 14, 1985 and further that he did not receive a copy of the letter advising him of the decision of the Civil Service Board until June 18, 1985.

Appellate jurisdiction is invoked by filing a notice of Appeal, accompanied by filing fees prescribed by law, within thirty days of the rendition of the order sought to be reviewed, Rule 9.110(b) of the Florida Rules of Appellate Procedure. An order is rendered when it is filed with the Clerk of the lower tribunal, Rule 9.020(g) of the Florida Rules of Appellate Procedure. Accordingly, this Court must determine whether the Appellate jurisdiction of this Court has been timely invoked under the facts of this case.

Although this Court has been informed that the Civil Service Board for the City of Tampa, Florida has not elected to adopt the Florida Administrative Procedure Act, Chapter 120 of the Florida Statutes, Appellee has not provided the Court with any duly enacted procedural rule directed to the issue involved herein. However, Section 120.52(10) of the Florida Administrative Procedure Act gives this Court some guidance and provides inter alia, as follows:

> "An agency decision shall be final when reduced to writing and filed with the person designated by the agency as clerk. The clerk shall indicate the date of filing on the order."

It is clear that the letter of the Civil Service Board for the City of Tampa, Florida, dated May 15, 1985, signed by its Executive Director, if considered an order of the Board, was not marked as being filed with a person designated by the Board as clerk and does not indicate a date of filing. Therefore, there has been no rendition of an order in accordance with Rule 9.020(g) of the Florida Rules of Appellate Procedure from which the thirty days for filing a notice of appeal would begin to run.

A similar factual situation was presented in the case of *Roach v.*

**157**

*State, Department of Administration, Division of Retirement,* 416 So.2d 1194 (Fla. 1st DCA 1982) in which the Court likewise did not find in its official record a copy of the order bearing the filing date noted by a person designated as the clerk and, therefore, denied a Motion to Dismiss the Appeal.

Although this court is cognizant of an additional issue as to whether a letter advising a claimant of a board's decision, signed by the board's executive director, constitutes an appealable order, this issue will not be addressed at this time as it is not properly before the court for determination.

Appellee's Motion to Dismiss this appeal is hereby denied.