ALLEN, J.
In this appeal from a final order by which the trial court dismissed the appellant minor’s petition for judicial waiver of parental notice of termination of pregnancy, the appellant asserts that her petition must be deemed granted because the trial court did not render a final order on the petition within the 48-hour period specified in section 390.01114(4)(b), Florida Statutes (2005). Because no final order was entered within the time specified in this controlling statute, we reverse the final order and remand with directions that the trial court promptly enter an order granting the appellant’s petition and directing the clerk of the circuit court to place a certificate to this effect in the file and provide the appellant with a certified copy of the certificate.
On August 11, 2005, the appellant filed her petition for judicial waiver of the parental notification as specified in section 390.01114, and a hearing on the petition was conducted on August 12, 2005. Later on August 12, 2005, the trial court entered an order by which the appellant’s petition was “dismissed without prejudice to amend or supplement.” The appellant filed an amended petition which was finally dismissed by the August 19, 2005, final order under review.
Section 390.01114(4), relating to the judicial waiver of parental notification procedures to be followed in the trial courts, and Florida Rule of Appellate Procedure 9.110(n), relating to the procedures to be followed in the district courts of appeal in appeals from final orders dismissing petitions for judicial waiver of parental notification, are characterized by at least two unmistakable objectives: speed and finali *525 ty. The trial court is required to “rule ... within 48 hours after the petition is filed,” and although the minor may request an extension, “[i]f the court fails to rule within the 48-hour period and an extension has not been requested, the petition is granted, and the notice requirement is waived.” § 390.01114(4)(b), Fla. Stat. (2005). This same theme is carried over into rule 9.110(n), which provides that “[t]he district court of appeal shall render its decision on the appeal as expeditiously as possible and no later than 10 days from the filing of the notice of appeal[,]” and “[i]f no decision is rendered within the foregoing time period, the order shall be deemed reversed, the petition shall be deemed granted, and the clerk shall place a certificate to this effect in the file and provide the minor with a certified copy of the certificate.” The foregoing provisions of the statute and the rule clearly mean that the trial court is allowed only two days to complete its work on the case (unless the time has been extended at the request of the minor), that the district court of appeal is allowed only ten days to complete its work on the case, and that if either of these courts fails to complete its work on time, the petition must be granted.
It is well established that the work of a trial court is not completed by a non-final order that dismisses a petition or complaint without prejudice and with leave to amend. See, e.g., Jim Macon Building Contractors, Inc. v. Lake County, 763 So.2d 1223 (Fla. 5th DCA 2000); Klein v. Pinellas County, 685 So.2d 945 (Fla. 2d DCA 1996); Augustin v. Blount, Inc., 573 So.2d 104 (Fla. 1st DCA 1991); see also Carlton v. Wal-Mart Stores, Inc., 621 So.2d 451 (Fla. 1st DCA 1993). Accordingly, the August 12, 2005, order was not a final order and did not mark the completion of the trial court’s work on the ease.[1] The trial court’s work ended instead on August 19, 2005, when the trial court entered the final order under review.
Because this record contains no suggestion that the appellant requested an extension of the 48-hour period allowed by section 390.01114(4)(b) for the trial court to complete its work on the appellant’s petition and enter a final order, the final order entered by the trial court on August 19, 2005, some eight days following the filing of the appellant’s petition, was untimely. Accordingly, as prescribed by the statute, the appellant’s petition must be considered to have been granted.
The order under review is reversed and this case is remanded with directions that the trial court promptly enter an order granting the appellant’s petition and directing the clerk of the circuit court to place a certificate to this effect in the file and provide the appellant with a certified copy of the certificate.
No motion for rehearing will be entertained.
PADOVANO, J., concurs.
WOLF, J., concurs in result only.

. It should be noted that had the trial court utilized supreme court-approved Form 8.991 in entering its August 12, 2005, order, the order would have been a final order. See In Re: Amendments to the Florida Rules of Juvenile Procedure, 907 So.2d 1161 (Fla.2005).