934 So.2d 438 (2006)
In re AMENDMENTS TO THE RULES OF JUVENILE PROCEDURE-FORMS FOR USE WITH RULES OF JUVENILE PROCEDURE; AND THE FLORIDA RULES OF APPELLATE PROCEDURE-JUDICIAL WAIVER OF PARENTAL NOTICE OF TERMINATION OF PREGNANCY.
No. SC05-950.
Supreme Court of Florida.
July 6, 2006.
Mary Katherine Wimsett, Chair, Juvenile Court Rules Committee, Orlando, FL, Alan Abramowitz, Past-Chair, Juvenile Court Rules Committee, Daytona Beach, Florida, Edward Maurice Mullins, Chair, Appellate Court Rules Committee, Miami, FL, Jack Roy Reiter, Past-Chair, Appellate Court Rules Committee, Miami, Florida, and John F. Harkness, Jr., Executive Director, The Florida Bar, Tallahassee, FL, for Petitioners.
The Honorable David A. Demers, Chief Judge, and B. Elaine New, Court Counsel, Sixth Judicial Circuit, St. Petersburg, FL, for Proponent.
Galen Sherwin, Center for Reproductive Rights, Eve C. Gartner, Planned Parenthood Federation of America, Inc., New York, NY, Janet Crepps, Center for Reproductive Rights, Simpsonville, South Carolina, and Richard Johnson, Tallahassee, FL, and The Honorable Scott M. Bernstein, Judge, Eleventh Judicial Circuit, Miami, FL, for Opponents.
PER CURIAM.
On June 30, 2005, in response to the enactment of the Parental Notice of Abortion Act, the Court adopted several new Florida Rules of Juvenile Procedure, accompanying forms, and an amendment to
Florida Rule of Appellate Procedure 9.110. See In re Amendments to Fla. Rules Juv. Pro., 907 So.2d 1161 (Fla.2005). These rules and forms govern proceedings through which a minor may seek a judicial waiver of the notice requirements set forth in the Parental Notice of Abortion Act. Because the rules and forms were adopted on an emergency basis without the benefit of the general rulemaking process, the Court requested that interested parties file comments with the Court within sixty days of the date of the opinion. After considering the comments filed and hearing oral argument, we adopt the following amendments to rules 8.805 (Commencement of Proceedings), 8.820 (Hearing), and 9.110(n) (Exception, Appeal of Final Order Dismissing Petition for Judicial Waiver of Parental Notice of Termination of Pregnancy). We also amend forms 8.987 (Petition for Judicial Waiver of Parental Notice of Termination of Pregnancy) and 8.991 (Final Order Dismissing Petition for Judicial Waiver of Parental Notice of Termination of Pregnancy). Finally, we adopt new forms 8.992 (Clerk's Certificate Pursuant to Section 390.01114(4)(b), Florida Statutes), and 9.900(f) (Notice of Appeal of an Order Dismissing a Petition for Judicial Waiver of Parental Notice of Termination of Pregnancy and Advisory Notice to Minor).
Rule 8.805 is amended in two ways. First, subdivision (a) is amended to delete the statement requiring that petitions for judicial waiver be filed in "any circuit court within the appellate district in which the petitioner resides as provided by section 390.01114(4)(a), Florida Statutes." The statutory provision speaks for itself and there is no need to include a venue provision in the procedural rule. Second, subdivision (b)(1) is amended to require that when a petition is filed, the clerk must open a new file and assign a new case *439 number. The Juvenile Court Rules Committee recommended this change to prevent the petition from being combined with an existing delinquency, dependency, or other child case to which a parent or others might have access.[1] The Committee also concluded that this change would ensure that in the case of an appeal, the only material in the court file will be that related to the waiver of parental notification case.
Three amendments have been made to rule 8.820. First, subdivision (d)(1) is amended to clarify that rules 8.180 and 8.240, which govern computation of time periods in delinquency and dependency cases, respectively, do not apply to the 48-hour time period for disposition of judicial waiver petitions, and that the time period does not exclude weekends or holidays. Second, subdivision (d)(3) is amended to require that where no ruling on the petition has been made within the 48-hour period, the clerk of the circuit court shall issue a certificate stating that the notice requirement is waived pursuant to section 390.01114(4)(b), Florida Statutes (2005). In conjunction with this change, we also adopt new form 8.992 (Clerk's Certificate Pursuant to Section 390.01114(4)(b), Florida Statutes). Third, subdivision (e) of rule 8.820, which specifies that hearings on petitions for judicial waiver of parental notification shall be closed to the public, is amended to permit the minor to request that persons other than herself or her attorney be permitted to attend the hearing.
One minor amendment is made to form 8.987 (Petition for Judicial Waiver of Parental Notice of Termination of Pregnancy). Currently, this form allows the petitioner to check, as a reason that she is seeking to terminate her pregnancy without notice, that she "is a victim of child abuse or sexual abuse by one or both of her parents or a guardian, for the following reason(s)" and then provides three blank lines. This appears to require the minor to list the "reasons" that she has been abuseda result that is clearly not what was intended. Accordingly, the form has been amended to delete the words "for the following reasons" and the blank lines.
Rule 9.110(n), governing appeals of orders dismissing petitions for judicial waiver, is amended in three ways. First, it is amended to clarify that it is the clerk of the lower tribunal who shall prepare and transmit the record on appeal. Second, it is amended to permit the petitioner to request leave to file a brief or to request oral argument in the district court. Third, it is amended to clarify that the district court has the authority to reverse the dismissal of the petition, rather than to grant the petition.
We also adopt new form 9.900(f) (Notice of Appeal of an Order Dismissing a Petition for a Judicial Waiver of Parental Notice of Termination of Pregnancy and Advisory Notice to Minor).[2] This new form is adapted specifically for an appeal in a judicial waiver case. Additionally, the Advisory Notice to the Minor attachment notifies the minor (1) that she is entitled to appeal the order dismissing her petition; (2) that she does not have to pay a filing fee; (3) that a form notice of appeal will be provided to her with the order dismissing her petition; (4) that if she needs assistance in *440 filling out the notice of appeal, the clerk of the circuit court will help her; (5) that she must file the notice of appeal in the circuit court within 30 days of the order dismissing her petition; (6) that the only document she needs to file is the notice of appeal, but that she may request permission from the district court to file a brief and have oral argument; and (7) that she may request appointment of counsel on appeal. The notice also tells the minor the name and address of the appellate court that will hear her appeal.
Accordingly, we amend the Florida Rules of Juvenile Procedure and the Florida Rules of Appellate Procedure as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. Forms 8.987, 8.991, 8.992, and 9.900(f) are adopted as reflected in the appendix to this opinion, fully engrossed and effective for immediate use. The committee notes are offered for explanation only and are not adopted as an official part of the rules. The amendments shall become effective immediately upon release of this opinion. This opinion and the forms discussed herein may be accessed and downloaded from the Florida State Courts website at www.flcourts.org.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.

APPENDIX

8.805. Commencement of Proceedings
(a) Petition to Be Filed. Proceedings for a judicial waiver of parental notice of termination of pregnancy shall be commenced by the filing of a petition in any circuit court within the appellate district in which the petitioner resides as provided by section 390.01114(4)(a), Florida Statutes.
(b) Pseudonymous Petitions. Petitions filed under a pseudonym or initials shall be filed simultaneously with a sworn statement containing the minor's true name, date of birth, address and the case number. A certified copy of this Sworn Statement of True Name and Pseudonym shall be given to the minor at the time it is filed. The original sworn statement shall be kept under seal at all times and may only be opened at the minor's request or by court order.
(c) Notice Under Pseudonymous Petitions. So that the minor may receive notice in a safe and secure manner, the minor shall elect to receive notice through the address and phone number of a trusted third person or by personally contacting the clerk's office. If the minor elects to personally contact the clerk's office, she must still provide an address and phone number of a third person through which to receive notice in the event that the court needs to provide notice at a time other than when the minor personally contacts the clerk's office.
(d) Procedures Upon Filing Petition. Upon the filing of a petition, the clerk of the circuit court shall immediately:
(1) open a new file and assign a new case number;
(2) provide the minor with a certified copy of Form 8.988 Sworn Statement of True Name and Pseudonym;
(3) provide the minor with Form 8.989 Advisory Notice to Minor;
(4) present the petition to the court for scheduling of the hearing and appointment of counsel, if requested; and
(5) provide notice of the hearing to the minor. If it is not possible for the clerk to immediately provide notice at the time the minor files the petition, the clerk shall *441 provide notice through the method elected by the minor in the petition.
(e) Fees and Costs. No filing fees or court costs shall be assessed against any pregnant minor who petitions a court for a waiver of parental notice.

Rule 8.820. Hearing
(a) Hearing by Judge. A judge shall conduct an informal hearing on the petition within the time limits provided by law and these rules. General magistrates and special magistrates shall not hear a petition for a judicial waiver of parental notice of termination of pregnancy.
(b) Evidence. The judge shall hear evidence relating to the emotional development, maturity, intellect, and understanding of the minor, and all other relevant evidence.
(c) Burdens of Proof.
(1) A finding that the minor is sufficiently mature to decide whether to terminate her pregnancy requires proof by clear and convincing evidence.
(2) A finding that the minor is a victim of child abuse or sexual abuse by one or both of her parents or a guardian requires proof by a preponderance of the evidence.
(3) A finding that notification of a parent or guardian is not in the best interest of the minor requires proof by a preponderance of the evidence.
(d) Time Limits. As provided by section 390.01114(4)(b), Florida Statutes:
(1) Cases commenced under this rule take precedence over other pending matters as necessary to ensure that the court can make its ruling and issue written findings of fact and conclusions of law within 48 hours of the filing of the petition. The term "48 hours" as used in this section means exactly 48 hours from the filing of the petition and specifically includes week-ends, holidays and times after regular business hours of the court.
(2) The 48-hour time limit may be extended at the request of the minor; however, the court remains under an obligation to rule on the petition as soon as practically possible.
(3) If the court fails to rule within the 48-hour period and an extension has not been requested by the minor, the petition shall be deemed granted and an order shall be issued the clerk shall issue the minor a certificate indicating the notice requirement is waived pursuant to 390.01114(4)(b), Florida Statutes.
(e) Confidentiality of Hearings. Hearings under this part shall be closed to the public and all records thereof shall remain confidential as provided by sections 390.01114(4)(e) and 390.01116, Florida Statutes. Persons other than the petitioner may be permitted to attend the hearing at the request of the petitioner. The court shall advise all persons in attendance that the hearing is confidential.

Form 8.987. Petition for Judicial Waiver of Parental Notice of Termination of Pregnancy
IN THE CIRCUIT COURT OF THE
______ JUDICIAL CIRCUIT,
IN AND FOR ______ COUNTY,
FLORIDA
In the interest of _________ (pseudonym
or initials of minor)
 Case No.: _____
 Division: _____

PETITION FOR JUDICIAL WAIVER OF PARENTAL NOTICE OF TERMINATION OF PREGNANCY
I certify that the following information is true and correct:
(1) The pseudonym or initials of the minor (is/are) ____, and the minor has *442 filed a Sworn Statement of True Name and Pseudonym with the clerk.
(2) The minor is ____ years old.
(3) The minor is pregnant and notice has not been waived.
(4) The minor desires to terminate her pregnancy without notice to a parent or legal guardian for one or more of the following reasons: [check all that apply]
____ a. The minor is sufficiently mature to decide whether to terminate her pregnancy, for the following reason(s):
________________________ ________________________ ________________________
____ b. The minor is a victim of child abuse or sexual abuse by one or both of her parents or a guardian.
____ c. Notification of a parent or guardian is not in the best interest of the minor, for the following reason(s):
____________________________ ________________________ ________________________
(5) The minor requests that the court enter an order authorizing her to consent to the performance or inducement of a termination of pregnancy without notification of a parent or guardian.
(6) The minor requests the appointment of an attorney to represent her in this matter: [check one]:
____ yes
____ no
(7) The minor elects the following method or methods for receiving notices of hearings or other court actions in this case:
____ Through a third party whose name is ___________ and whose address and phone number for purposes of notice is _______________, __________________.
____ The minor will contact the office of the clerk of court at the following phone number ____________.
I understand that by signing this form I am swearing to or affirming the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines, imprisonment, or both.
Signature: ____ (You may sign a name other than your true name, such as Jane Doe or other pseudonym under which your petition is being filed.)
Date: ______.

Form 8.991. Final Order Dismissing Petition for Judicial Waiver of Parental Notice of Termination of Pregnancy
IN THE CIRCUIT COURT OF THE
 ______ JUDICIAL CIRCUIT,
IN AND FOR ______ COUNTY,
 FLORIDA
In the interest of _________ (pseudonym
or initials of minor)
 Case No.: _____
 Division: _____

FINAL ORDER DISMISSING PETITION FOR JUDICIAL WAIVER OF PARENTAL NOTICE OF TERMINATION OF PREGNANCY
THIS CAUSE having come before the court on a petition for judicial waiver of parental notice of termination of pregnancy and the court being otherwise advised in the premises, finds the following:
The minor has not proven by sufficient evidence any of the criteria that would permit a judicial waiver of the parental notification requirements of section 390.01114(3), Florida Statutes, for the following reasons:
___________________ ________________________ *443 ________________________ ________________________
THEREFORE, it is ORDERED AND ADJUDGED that:
1. The petition for judicial waiver of parental notice of termination of pregnancy is DISMISSED.
2. The clerk shall keep and maintain a confidential record of these proceedings as provided by section 390.01116, Florida Statutes, and shall seal the record.
3. The clerk shall immediately provide Form 9.900(f) Notice of Appeal of an Order Dismissing a Petition for Judicial Waiver of Parental Notice of Termination of Pregnancy and Advisory Notice to Minor to the minor or petitioner if other than the minor.
DONE AND ORDERED in the ........... court in and for ........... County, Florida, on ....... (date) ...........
 ______________________
 .................. Judge

Form 8.992. Clerk's Certificate Pursuant to Section 390.01114(4)(b), Florida Statutes
IN THE CIRCUIT COURT OF THE
 ______ JUDICIAL CIRCUIT,
IN AND FOR ______ COUNTY,
 FLORIDA
In the interest of ________ (pseudonym
or initials of minor)
 Case No.: _____
 Division: _____

CLERK'S CERTIFICATE PURSUANT TO SECTION 390.01114(4)(b), FLORIDA STATUTES
The Petitioner in this cause filed a Petition for Judicial Waiver of Parental Notice of Termination of Pregnancy on ________ (month/day/year) at ______ (time). Petitioner has not requested an extension of time. As of ________ (month/day/year) at ____ (time), 48 hours have passed since the filing of the petition, and the Court has not entered a final order. Accordingly, the petition is granted, and the notice requirement is waived pursuant to section 390.01114(4)(b), Florida Statutes.
 Clerk of the Circuit Court
 By: _________________
 (Deputy Clerk)

Rule 9.110. Appeal Proceedings to Review Final Orders of Lower Tribunals and Orders Granting New Trial in Jury and Non-Jury Cases
(a)-(m) [no change]
(n) Exception, Appeal of Final Order Dismissing Petition for Judicial Waiver of Parental Notice of Termination of Pregnancy. If an unmarried minor or another person on her behalf appeals an order dismissing a petition for judicial waiver of parental notice of termination of pregnancy, the clerk of the lower tribunal shall prepare and transmit the record as described in rule 9.200(d) within 2 days from the filing of the notice of appeal. The district court of appeal shall render its decision on the appeal as expeditiously as possible and no later than 10 days from the filing of the notice of appeal. Briefs or oral argument may be ordered at the discretion of the district court of appeal. The minor may move for leave to file a brief and may request oral argument. If no decision is rendered within the foregoing time period, the order shall be deemed reversed, the petition shall be deemed granted, and the clerk shall place a certificate to this effect in the file and provide the minor with a certified copy of the certificate. The appeal and all proceedings thereon shall be confidential so that the minor shall remain anonymous. The file shall remain sealed unless otherwise *444 ordered by the court. Should the dismissal of the petition be granted reversed on appeal, the clerk shall furnish the petitioner with a certified copy of the decision or the clerk's certificate for delivery to the minor's physician. No filing fee shall be required for any part of an appeal of the dismissal of a petition for a waiver of parental notice of termination of pregnancy.

Committee Notes
1977 Amendment. This rule replaces former rules 3.1, 3.5, 4.1, 4.3, 4.4, and 4.7. It applies when (1) a final order has been entered by a court or administrative agency; (2) a motion for a new trial in a jury case is granted; or (3) a motion for rehearing in a non-jury case is granted and the lower tribunal orders new testimony. It should be noted that certain other non-final orders entered after the final order are reviewable under the procedure set forth in rule 9.130. This rule does not apply to review proceedings in such cases.
Except to the extent of conflict with rule 9.140 governing appeals in criminal cases, this rule governs: (1) appeals as of right to the supreme court; (2) certiorari proceedings before the supreme court seeking direct review of administrative action (for example, Industrial Relations Commission and Public Service Commission); (3) appeals as of right to a district court of appeal, including petitions for review of administrative action under the Administrative Procedure Act, section 120.68, Florida Statutes (Supp.1976); (4) appeals as of right to a circuit court, including review of administrative action if provided by law.
This rule is intended to clarify the procedure for review of orders granting a new trial. Rules 9.130(a)(4) and 9.140(c)(1)(C) authorize the appeal of orders granting a motion for new trial. Those rules supersede Clement v. Aztec Sales, Inc., 297 So.2d 1 (Fla.1974), and are consistent with the decision there. Under subdivision (h) of this rule the scope of review of the court is not necessarily limited to the order granting a new trial. The supreme court has held that "appeals taken from new trial orders shall be treated as appeals from final judgments to the extent possible." Bowen v. Willard, 340 So.2d 110, 112 (Fla.1976). This rule implements that decision.
Subdivisions (b) and (c) establish the procedure for commencing an appeal proceeding. Within 30 days of the rendition of the final order the appellant must file 2 copies of the notice of appeal, accompanied by the appropriate fees, with the clerk of the lower tribunal; except that if review of administrative action is sought, 1 copy of the notice and the applicable fees must be filed in the court. Failure to file any notice within the 30-day period constitutes an irremediable jurisdictional defect, but the second copy and fees may be filed after the 30-day period, subject to sanctions imposed by the court. See Williams v. State, 324 So.2d 74 (Fla.1975); Fla. R.App. P. 9.040(h).
Subdivision (d) sets forth the contents of the notice and eliminates the requirement of the former rule that the notice show the place of recordation of the order to be reviewed. The rule requires substantial compliance with the form approved by the supreme court. The date of rendition of the order for which review is sought must appear on the face of the notice. See the definition of "rendition" in Florida Rule of Appellate Procedure 9.020, and see the judicial construction of "rendition" for an administrative rule in Florida Admin. Comm'n v. Judges of the District Court, 351 So.2d 712 (Fla.1977), on review of Riley-Field Co. v. Askew, 336 So.2d 383 (Fla. 1st DCA 1976). This requirement is intended to allow the clerk of the court to *445 determine the timeliness of the notice from its face. The advisory committee intended that defects in the notice would not be jurisdictional or grounds for disposition unless the complaining party was substantially prejudiced.
This rule works significant changes in the review of final administrative action. The former rules required that a traditional petition for the writ of certiorari be filed if supreme court review was appropriate, and the practice under the Administrative Procedure Act, section 120.68, Florida Statutes (Supp.1976), has been for the "petition for review" to be substantially similar to a petition for the writ of certiorari. See Yamaha Int'l Corp. v. Ehrman, 318 So.2d 196 (Fla. 1st DCA 1975). This rule eliminates the need for true petitions in such cases. Instead, a simple notice is filed, to be followed later by briefs. It is intended that the notice constitute the petition required in section 120.68(2), Florida Statutes (Supp.1976). There is no conflict with the statute because the substance of the review proceeding remains controlled by the statute, and the legislature directed that review be under the procedures set forth in these rules. Because it is a requirement of rendition that an order be written and filed, this rule supersedes Shevin ex rel. State v. Public Service Comm'n, 333 So.2d 9 (Fla.1976), and School Bd. v. Malbon, 341 So.2d 523 (Fla. 2d DCA 1977), to the extent that those decisions assume that reduction of an order to writing is unnecessary for judicial review.
This rule is not intended to affect the discretionary nature of direct supreme court review of administrative action taken under the certiorari jurisdiction of that court set forth in article V, section 3(b)(3), Florida Constitution. Such proceedings remain in certiorari with the only change being to replace wasteful, repetitive petitions for the writ of certiorari with concise notices followed at a later date by briefs. The parties to such actions should be designated as "petitioner" and "respondent" despite the use of the terms "appellant" and "appellee" in this rule. See commentary, Fla. R.App. P. 9.020.
Subdivisions (e), (f), and (g) set the times for preparation of the record, serving copies of the index on the parties, serving briefs, and serving notices of cross-appeal. Provision for cross-appeal notices has been made to replace the cross-assignments of error eliminated by these rules. In certiorari proceedings governed by this rule the term "cross-appeal" should be read as equivalent to "cross-petition." It should be noted that if time is measured by service, rule 9.420(b) requires filing to be made before service or immediately thereafter.
Subdivision (h) permits a party to file a single notice of appeal if a single proceeding in the lower tribunal, whether criminal or civil, results in more than 1 final judgment and an appeal of more than 1 is sought. This rule is intended to further the policies underlying the decisions of the supreme court in Scheel v. Advance Marketing Consultants, Inc., 277 So.2d 773 (Fla.1973), and Hollimon v. State, 232 So.2d 394 (Fla.1970). This rule does not authorize the appeal of multiple final judgments unless otherwise proper as to each. If a prematurely filed notice is held in abeyance in accordance with Williams v. State, 324 So.2d 74 (Fla.1975), the date of filing is intended to be the date the notice becomes effective.
Subdivision (i) provides an expedited procedure in appeals as of right to the supreme court in bond validation proceedings. An appendix is mandatory.
Subdivision (j) provides for an expedited procedure in appeals as of right to the *446 supreme court from an order of a district court of appeal.
1980 Amendment. The rule has been amended to incorporate changes in rule 9.030 and to reflect the abolition of supreme court jurisdiction to review, if provided by general law, final orders of trial courts imposing sentences of life imprisonment.
The reference indicated (2) in the second paragraph of this committee note for 1977 amendment should be disregarded. See amended rule 9.030(a)(1)(B)(ii) and accompanying committee note.
1984 Amendment. Subdivision (k) was added to remedy a pitfall in the application of case law under Mendez v. West Flagler Family Association, 303 So.2d 1 (Fla. 1974). Appeals may now be taken immediately or delayed until the end of the entire case, under the rationale of Mendez.
1992 Amendment. Subdivision (d) was amended to require that the appellant, except in criminal cases, attach to its notice of appeal a conformed copy of any orders designated in the notice of appeal, along with any orders on motions that postponed the rendition of orders appealed. This amendment is designed to assist the clerk in determining the nature and type of order being appealed and the timeliness of any such appeal.
Subdivision (m) was added to clarify the effect of a notice of appeal filed by a party before the lower court renders a final appealable order. Under this subdivision, such a notice of appeal is subject to dismissal as premature, but a final order rendered before the dismissal of the appeal will vest the appellate court with jurisdiction to review that final order. It further provides that the appellate court may relinquish jurisdiction or otherwise allow the lower court to render such a final order before dismissal of the appeal. If the only motion that is delaying rendition has been filed by the party filing the notice of appeal, under rule 9.020(g)(3), such motion is deemed abandoned and the final order is deemed rendered by the filing of a notice of appeal.
1996 Amendment. The addition of new subdivision (a)(2) is a restatement of former Florida Rule of Probate Procedure 5.100, and is not intended to change the definition of final order for appellate purposes. It recognizes that in probate and guardianship proceedings it is not unusual to have several final orders entered during the course of the proceeding that address many different issues and involve many different persons. An order of the circuit court that determines a right, an obligation, or the standing of an interested person as defined in the Florida Probate Code may be appealed before the administration of the probate or guardianship is complete and the fiduciary is discharged.
Subdivision (c) was amended to reflect that in appeals of administrative orders, the appellate court filing fees should be filed in the appellate court, not the administrative tribunal.
Subdivision (n) was added by the committee in response to the opinion in Canal Insurance Co. v. Reed, 666 So.2d 888 (Fla. 1996), suggesting that the Appellate Court Rules Committee consider an appropriate method for providing expedited review of these cases to avoid unnecessary delays in the final resolution of the underlying actions. Expedited review in the manner provided in rule 9.130 is available for such judgments in cases where a claim against the insured is pending and early resolution of the coverage issue is in the best interest of the parties. The notice of appeal should identify whether a party is seeking review pursuant to the procedure provided in this rule or in rule 9.130.
*447 2006 Amendment. Rule 9.110(n) has been amended to clarify that the word "clerk" in the first sentence of the rule refers to the clerk of the lower tribunal. The amendment also permits the minor to ask for leave to file a brief or to request oral argument. The amendment clarifies that the district court does not grant the minor's petition, but rather may reverse the circuit court's dismissal of the petition.

Court Commentary
2003 Amendment. Subdivision (l) was deleted to reflect the holding in North Florida Women's Health & Counseling Services, Inc. v. State, 866 So.2d 612 (Fla. 2003).

Rule 9.900. Forms
(a)-(e) [no change]
(f) Notice of Appeal of an Order Dismissing a Petition for a Judicial Waiver of Parental Notice of Termination of Pregnancy and Advisory Notice to Minor.
 IN THE CIRCUIT COURT FOR
 THE __________ JUDICIAL CIRCUIT
 (NUMERICAL DESIGNATION
 OF THE CIRCUIT) IN AND FOR
 __________ COUNTY, FLORIDA
 Case No. _________
In re: Petition for a Judicial Waiver
of Parental Notice of Termination of
Pregnancy.
_________________
(Your pseudonym or initials)
 Appellant.
__________________

NOTICE OF APPEAL
NOTICE IS GIVEN that ____ (your pseudonym or initials), appeals to the ____ (District Court with appellate jurisdiction), the order of this court rendered ______ (enter the date that the order was filed on the clerk's docket) [See rule 9.020(h)]. The nature of the order is a final order dismissing a petition for a judicial waiver of parental notice of termination of pregnancy.
 Signature: ___________________
 (As signed on your petition for judicial
 waiver if you are representing
 yourself)
 Date: __________
 OR
 Attorney for _________ (pseudonym
 or initials of appellant)
 ________________
 (address and phone number of attorney)
 Florida Bar No. _________

ADVISORY NOTICE TO THE MINOR YOU ARE NOTIFIED AS FOLLOWS:
1. You are entitled to appeal the order dismissing your petition for a judicial waiver of parental notice of termination of pregnancy. You do not have to pay a filing fee for the appeal.
2. If you wish to appeal, you must file a notice of appeal. A form for the notice of appeal (Fla. R.App. P. 9.900(f)) will be provided to you with the order dismissing your petition. You must fill in every blank on the form with the information requested. If you need assistance with the form, the clerk of the circuit court will help you complete it.
3. You must file the notice of appeal with the clerk of the circuit court where your case was heard. The notice of appeal must be filed within thirty (30) days of the date when the judge's written order dismissing your petition was filed with the clerk of the circuit court. If you do not file your notice of appeal within this time period your appeal will not be heard.
*448 4. The notice of appeal is the only document you need to file in connection with your appeal. You may file a motion to seek permission to file a brief in your case, or to request oral argument of your case. These motions or any other motions or documents you file concerning your appeal, except the notice of appeal, must be mailed or delivered to the appellate court for filing. The appellate court that will be reviewing your case is:
 The __________ District Court of Appeal
 ________________________
 ________________________
 (address of the District Court)
 Telephone number: __________
(Note: The clerk of the circuit court will fill in the blanks above with the appropriate court information).
5. You may request a lawyer to represent you in your appeal. You must tell the judge who heard your petition for a judicial waiver of parental notification of termination of pregnancy that you wish to have a lawyer appointed.
(fg) Directions to Clerk. [no change to body of form]
(gh) Designation to Reporter. [no change to body of form]
(hi) Civil Supersedeas Bond. [no change to body of form]
(ij) Prisoner's Motion and Affidavit to Proceed Without Prepayment of Court Costs and Fees. [no change to body of form]

Committee Notes

[no changes]
NOTES
[1] We emphasize that judicial waiver of parental notice of termination of pregnancy cases are strictly confidential and are not subject to Florida Rule of Judicial Administration 2.085(d) or to any manner of case coordination or unified family court procedures.
[2] In conjunction with the adoption of this new form notice of appeal, we also amend form 8.991 to reflect the new form.