948 So.2d 30 (2006)
In re: Jane DOE 06-C.
No. 1D06-5226.
District Court of Appeal of Florida, First District.
December 12, 2006.
*31 Richard M. Benham, Tallahassee; Randall C. Marshall of ACLU Foundation of Florida, Inc., Miami; and Rebecca Harrison Steele of ACLU Foundation of Florida, Inc., Tampa, for Appellant.
ALLEN, J.
In this appeal from a final order by which the trial judge dismissed the appellant minor's petition for judicial waiver of parental notice of termination of pregnancy, the appellant asserts that the trial judge improperly disqualified one of her attorneys, thereby depriving her of counsel of her choice at the hearing on her petition. Because the trial judge erred in disqualifying the appellant's attorney, because we are unable to conclude that this error was harmless, and because remand for a new hearing is not authorized in proceedings of this type, we previously entered an order by which we reversed the order under review and remanded this case with directions for the trial judge to enter an order granting the appellant's petition. This opinion is written to provide a complete explanation of the rationale for our decision.
An attorney named Pfeiffer, who also works as an assistant public defender, appeared as counsel on behalf of the appellant at the hearing on her petition. Another attorney named Benham served as co-counsel, though Mr. Benham advised the court that he lacked litigation experience. The record strongly suggests that the plan was for the experienced litigator, Mr. Pfeiffer, to have primary responsibility for handling the hearing.
Although Mr. Pfeiffer explained to the trial judge that his representation of the appellant was not related to his work with the office of the public defender, and although *32 he further explained that he had sought and received the public defender's permission to provide this representation, the trial judge expressed her view that, because of Mr. Pfeiffer's association with the public defender's office, it would be inappropriate under "Florida law and ethical rules" for him to represent the appellant. Mr. Pfeiffer therefore indicated that "if necessary Mr. Benham could proceed" with the hearing. Mr. Benham then responded that he would be willing to proceed with the hearing, but he explained that, in light of his lack of litigation experience, he would like to have Mr. Pfeiffer available to consult with him during the course of the hearing. The judge denied this request, instructing Mr. Pfeiffer to leave the courtroom and thereby functionally disqualifying Mr. Pfeiffer as counsel for the appellant. Mr. Benham was therefore left to represent the appellant during the balance of the hearing without assistance, even though he had previously advised the trial judge of his lack of litigation experience.
In the order entered following the hearing, the trial judge provided the following explanation for her disqualification of Mr. Pfeiffer:
At the hearing, an attorney with the Office of the Public Defender desired to act as co-counsel. However, neither the [Parental Notice of Abortion] Act nor section 27.51, Florida Statutes, authorize such representation, particularly where the petitioner has already retained private counsel. Additionally, section 27.51, Florida Statutes, seems to prohibit any such representation.
Disqualification of a party's counsel strikes at the heart of an important rightthe right to choose one's own lawyerand it should be employed only when clearly necessary. See, e.g., Coral Reef of Key Biscayne Developers, Inc. v. Lloyd's Underwriters at London, 911 So.2d 155 (Fla. 3d DCA 2005); Whitener v. First Union Nat'l Bank of Florida, 901 So.2d 366 (Fla. 5th DCA 2005); Herschowsky v. Guardianship of Herschowsky, 890 So.2d 1246 (Fla. 4th DCA 2005). In the present case, there was no necessity for the disqualification of the appellant's counsel. Although the trial judge referenced three authorities for her ruling(1) the Parental Notice of Abortion Act, which appears at section 390.01114, Florida Statutes; (2) section 27.51, Florida Statutes; and (3) "ethical rules"none of these authorities precludes an attorney who wishes to provide private representation in connection with a non-criminal petition for judicial waiver of parental notice of termination of pregnancy from doing so merely because the attorney also serves as an assistant public defender in unrelated criminal cases.
The United States Supreme Court recently recognized the practical impossibility of assessing whether trial court error resulting in the unlawful denial of a litigant's counsel of choice is harmless error. The Court explained:
It is impossible to know what different choices the rejected counsel would have made, and then to quantify the impact of those different choices on the outcome of the proceedings. Many counseled decisions . . . do not even concern the conduct of the trial at all. Harmless-error analysis in such a context would be a speculative inquiry into what might have occurred in an alternative universe.
United States v. Gonzalez-Lopez, ___ U.S. ___, 126 S.Ct. 2557, 2565, 165 L.Ed.2d 409 (2006). Agreeing with these observations, we are unable to conclude that the trial judge's error in disqualifying the appellant's counsel in the present case amounted to harmless error.
*33 Although a trial judge's erroneous disqualification of a litigant's counsel of choice would normally result in a remand for a new hearing, remand was not possible in the present case. A remand for a new hearing would have violated the legislative intention for this type of proceeding to progress through the judicial system without delay and within the time limits specified in section 390.01114. See In re Doe, 932 So.2d 278 (Fla. 2d DCA 2005); In re A.S., 909 So.2d 524 (Fla. 1st DCA 2005). Our reversal of the order under review was therefore accompanied by an instruction for the trial judge to grant the appellant's petition.
BENTON, J., concurs with opinion; HAWKES, J., dissents with opinion.
BENTON, J., concurring.
I join Judge Allen's opinion for the court, but write separately to address another matter the appellant raises, in hopes of avoiding problems in the future. In the course of the hearing below, the trial judge placed telephone calls in an apparent effort to confirm or develop the factual circumstances in the case. After Jane Doe testified that she had discussed her plight with two persons not present at the hearing, the trial judge demanded multiple telephone numbers, which Jane Doe supplied over objection, numbers which the trial judge then called, again over objection, although without reaching either person at any number.
The Legislature intended that proceedings for judicial waiver under section 390.01114(4), Florida Statutes (2006), be confidential. See § 390.01114(4)(a), Fla. Stat. (2006) (allowing filing of petition under pseudonym or initials); § 390.01114(4)(e), Fla. Stat. (2006) (mandating that the record be confidential and that hearings be closed to the public); § 390.01114(5), Fla. Stat. (2006) (requesting that the Florida Supreme Court adopt rules to protect confidentiality of minor and proceedings); § 390.01116, Fla. Stat. (2006) (making "any information in a record held by the circuit court or an appellate court which could be used to identify the minor . . . confidential and exempt from" Florida's public record laws).
Pursuant to the Legislature's request, the Florida Supreme Court adopted rules of procedure designed to protect the confidentiality of the proceedings. See In re Amendments to the Rules of Juvenile ProcedureForms for Use with Rules of Juvenile Procedure, 934 So.2d 438, 441 (Fla. 2006); Fla. R. Juv. P. 8.805(b) (2006) (allowing petitions to be filed under pseudonym or initials, and requiring that true identity be kept under seal); Fla. R. Juv. P. 8.805(d)(1) (2006) (requiring clerk to assign new case number when petition is filed, to prevent petition from being combined with any existing case in which petitioner may be a party); Fla. R. Juv. P. 8.820(e) (Supp.2006) ("Persons other than the petitioner may be permitted to attend the hearing at the request of the petitioner. The court shall advise all persons in attendance that the hearing is confidential.") (emphasis added); Fla. R.App. P. 9.110(n) (2006) ("The appeal and all proceedings thereon shall be confidential so that the minor shall remain anonymous. The file shall remain sealed unless otherwise ordered by the court."). See also Fla. R. Juv. P. Form 8.987 (2006) (allowing petitioner to sign petition under name other than her own); Fla. R. Juv. P. Form 8.991 (2006) (requiring judge to order clerk to keep record confidential and under seal when dismissing petition for judicial waiver).
Not surprisingly, no statute or rule authorizes the trial judge to place telephone calls as part of fact finding in proceedings for judicial waiver of notice under the Parental *34 Notice of Abortion Act. Doing so jeopardizes the privacy and confidentiality the Act requires. Even where the intended recipient of the telephone call is somebody the petitioner has testified is aware of the situation, somebody else may answer the call, or overhear the conversation. Answering devices and other technology make it not unlikely that a call could be traced to the courthouse, even if the person called does not answer, which also potentially compromises confidentiality.
HAWKES, J., dissenting.
I respectfully dissent. The majority concludes the trial court impermissibly dismissed Appellant's attorney. However, my reading of the transcript leads me to conclude the trial court did not improperly dismiss the attorney, but that, upon inquiry, the attorney voluntarily withdrew.
At the beginning of the hearing, which is confidential by statute, two attorneys introduced themselves to the court as being "co-counsel" and "cooperating attorneys with the ACLU."[1] This is established by the following colloquy from the transcript:
The Court: If you would introduce yourselves.
Mr. Pfeiffer: Yes, Your Honor. My name is Hunter Pfeiffer, an attorney. This is Richard Benham, co-counsel.
Mr. Benham: Good morning, Your Honor. This is our petitioner.
Mr. Pfeiffer: Just for the record, this is a confidential proceeding. The petitioner remains anonymous, but she agreed, just for purposes of this conversation, it's easier just to refer to her by her name, which is [Jane Doe], and the court reporter, if there's a transcript or anything, is going to substitute Jane Doe anywhere as needed.
The Court: Okay. And you all are both with the ACLU?
Mr. Benham: Cooperating attorneys with the ACLU.
After the introductions, the Judge commented she thought one of the attorneys worked in the Public Defender's office. One of the attorneys responded that, although he worked as an Assistant Public Defender, his appearance in the instant case was unrelated to his position as an Assistant Public Defender. The court asked whether it was permissible for an attorney from the Public Defender's office to appear on the child's behalf. The attorney stated he asked the Public Defender and was told he could perform this kind of work. He reiterated he was not acting in his capacity as an Assistant Public Defender, and could "get something next week" from the Public Defender showing his actions were permissible. The court accepted counsel's proposed solution and replied "Okay." This is established by following colloquy:
The Court: Okay. I thought someone had mentioned someone being with the public defender.
Mr. Pfeiffer: I am with the public defender's office, but this is not related to that job. We're just volunteering.
Mr. Benham: I'm sorry, Your Honor. We're cooperating volunteer attorneys for the ACLU of Florida.
The Court: Okay. But you're with the public defender's office?
Mr. Pfeiffer: That's my regular job, yes.
The Court: Okay. I don't know if it's appropriate for someone from the public defender's office to be representing this child.

*35 Mr. Pfeiffer: I asked my boss about it, and she said that's fine, because it's not related to the office at all, and I'm not doing it in my capacity as a public defender at all. It's just a volunteer after work thing.
The Court: She's obviously entitled to have a lawyer in this type of proceeding, but I don't think this is the type of proceeding that it's appropriate for someone from the public defender's office to handle.
Mr. Pfeiffer: Your Honor, like I said, I'm not doing it as a member of the office. This is in no way related to the office. It's essentially just a pro bono representation.
The Court: And under Florida law and ethical rules for allowing you to practice pro bono work?
Mr. Pfeiffer: I asked Ms. Daniels [the Public Defender] if I could do this and she said yes. I could get something from her next week, if you need it.
The Court: Okay. Because my understanding is that the law and ethical rules don't allow you to do so.
The hearing would have proceeded at this point, with the Assistant Public Defender merely obligated to fulfill his promise to provide documentation to address the court's concern "next week." The court did not dismiss the Assistant Public Defender, and would have allowed him to proceed based on his assertion that he would obtain documentation that his representation was permissible.
We are not confronted with the question as to whether counsel should have been required to obtain "something next week," or whether Assistant Public Defenders can appear in matters such as this. The Judge expressed a concern and counsel offered a proposed resolution. No other resolution was offered or proposed. Instead of proceeding, the Assistant Public Defender chose to voluntarily withdraw by stating co-counsel could proceed without him. All parties involved, the trial court, co-counsel, and as can be ascertained by the lack of any objection, the Appellant, accepted the voluntary withdrawal. This is established by the following colloquy:
Mr. Pfeiffer: Well, if necessary Mr. Benham could proceed.
Mr. Benham: Your Honor, I'm happy to serve in that capacity.
The Court: Okay.
Not only did the court accept the voluntary withdrawal, the other attorney informed the court he would be "happy to serve in that capacity." Although "happy," he did advise the Judge he thought the court would benefit from an attorney with trial experience, which the Assistant Public Defender evidently possessed. The court declined the offer, and asked the Assistant Public Defender to leave the courtroom. Co-counsel then informed the court that he would prefer to have the Assistant Public Defender available. The court stated the Assistant Public Defender would have to leave the courtroom because the proceeding was confidential.
No objection was made to the court clearing the courtroom or asking the Assistant Public defender to leave. That argument was not made until the briefs were filed in this appeal. The transcript reads:
Mr. Benham: Although my thinking is that it would be to the benefit of the Court to have someone with trial experience to represent the petitioner. I'm a transactional lawyer, but I will do my best
The Court: Okay.
Mr. Benham: if that's more comfortable for the Court.
The Court: I just don't think it's appropriate for someone that's with the *36 public defender's office to be representing someone in a case like this, so I am going to ask you to leave, Mr. Benham.
Mr. Pfeiffer: That's fine. I'm Mr. Pfeiffer. (Emphasis added).
The Court: I'm sorry, Mr. Pfeiffer.
Mr. Benham: I'm Benham. Let's swap chairsor are you going to ask him to clear the courtroom? I really prefer to have him available.
The Court: I am going to ask him to clear the courtroom. This is a confidential proceeding.
Mr. Benham: That's fine. I will make do. (Emphasis added).
Mr. Pfeiffer: Thank you.
Proceedings for judicial waiver are required to be confidential, and are closed to the public. See § 390.01114(4)(a), Fla. Stat. (2006). Once the Assistant Public Defender withdrew, he was no longer counsel appearing in the case. Instead, he was "the public" and was properly required to leave the courtroom. Although there was a possibility that he could have been allowed to remain, that possibility existed only if the child, or someone on the child's behalf, requested his presence. See Fla. R. Juv. P. 8.820(e) (Supp.2006) ("Persons other than the petitioner may be permitted to attend the hearing at the request of the petitioner.").
Upon request, the decision to allow the Assistant Public Defender to remain and fulfill some role other than counsel, or to require him to leave the courtroom, would have been within the trial court's discretion. That request was never made; thus, the issue is not involved here. Consequently, we are not asked to determine whether the trial court abused its discretion on a properly preserved allegation of error. Instead, the majority construes an attorney's voluntary withdrawal as an unconstitutional "dismissal counsel," an argument never made to the trial court.
Since the attorney voluntarily withdrew, he lost his status as co-counsel, and was properly asked to step out of a confidential hearing. The trial court did not err, and should be affirmed.
NOTES
[1] All quotes are from the transcript and are set out verbatim, beginning with line 14 on page 3, and continuing uninterrupted through line 14, page 6.