973 So.2d 627 (2008)
In re Jane DOE 07-B.
No. 1D07-4991.
District Court of Appeal of Florida, First District.
January 28, 2008.
*628 Linda G. Miklowitz, Tallahassee; Randall C. Marshall, Rebecca Harrison Steele, and Benjamin James Stevenson of ACLU Foundation of Florida, Inc., Miami, for Appellant.
PER CURIAM.
This court previously granted relief on an expedited basis in this case concerning section 390.01114, Florida Statutes (2007), the Parental Notice of Abortion Act ("the Act"). In such cases, Florida Rule of Appellate Procedure 9.110(n), requires that the "district court of appeal shall render its decision on the appeal as expeditiously as possible and no later than 10 days from the filing of the notice of appeal." We now write to explain our reasons for granting relief.
Appellant, a resident of Georgia, filed a petition for judicial waiver of parental notification of termination of pregnancy in the Leon County Circuit Court. Section 390.01114(4)(a) provides that a "minor may petition any circuit court in a judicial circuit within the jurisdiction of the district court of appeal in which she resides for a waiver of the notice requirements. . . ." The circuit court determined that it did not have jurisdiction because the minor did not reside within the jurisdiction of this court. Appellant argued below that section 390.01114(4)(a) was a venue provision and that the statute did not address jurisdiction. The trial judge expressed his sympathy for the minor and stated that based on the sworn petition and the anticipated testimony, of the minor, he "would have no problem granting" the petition. Nevertheless, the circuit court dismissed the petition finding that it did not have jurisdiction to hear the case.
On appeal to this court, appellant argued that the circuit court erred as a matter of law in holding that it lacked jurisdiction to hear the petition. Appellant asserted that when a minor is a nonresident of the state, Florida law compels a conclusion that she may file a petition for judicial waiver in *629 any circuit court in the state. In Woman-care of Orlando v. Agwunobi, 448 F.Supp.2d 1293 (N.D.Fla.2005), a facial challenge to the Act was filed. The federal district court accepted the argument of the Florida Department of Health that the judicial waiver statute is available to a minor resident from another state who may file a petition in any judicial circuit in Florida. The Department of Health contended that in the absence of a specific venue provision in the Act, the general venue statute controlled and would allow a nonresident minor to petition any circuit court for a waiver. Id. at 1306. The federal district court considered the constitutional claim that the Act impermissibly limited an out-of-state minor's accessibility to a judicial waiver procedure in violation of her right to travel and rejected it as inconsistent with Florida law finding that jurisdiction exists in Florida circuit courts to consider a waiver petition from out-of-state minors, noting that it was "axiomatic, moreover, that Florida's venue provisions neither confer nor eliminate a court's jurisdiction." Id.
There is a distinction between venue and jurisdiction. "Venue is one thing; jurisdiction is another. They are not synonymous. Venue concerns `the privilege of being accountable to a Court in a particular location.' Jurisdiction is the power to act,' the authority to adjudicate the subject matter." Walters v. State, Dep't of Health & Rehab. Sens., 332 So.2d 684, 685 (Fla. 1st DCA 1976). "The general venue statute controls all actions brought under the common law or pursuant to a statute not containing specific provisions concerning venue. . . ." Lane v. Hemophilia of the Sunshine State, Inc., 793 So.2d 992, 994 (Fla. 2d DCA 2001). Section 47.011, Florida Statutes (2007), the general venue statute, provides that a legal action may be brought where the defendant resides, the cause of action accrues, or the property in litigation is located. Under Florida law, a plaintiffs choice of venue is usually favored if the election is one which has been properly exercised under applicable statutes. Houston v. Caldwell, 359 So.2d 858 (Fla.1978).
Section 390.01114(4)(a) is not a jurisdictional statute, but is rather a venue provision. See In re Amendments to the Rules of Juvenile Procedure, 934 So.2d 438, 438 (Fla.2006) (amending rule 8.805 to "delete the statement requiring that petitions for judicial waiver be filed in any circuit court within the appellate district in which the petitioner resides as provided by section 390.01114(4)(a), Florida Statutes.' The statutory provision speaks for itself and there is no need to include a venue provision in the procedural rule"). Although the Act provides that a minor shall file a petition in the circuit court within the jurisdiction of the district in which she resides, as Womancare noted, the Act is silent about the venue for nonresident minors who wish to obtain a judicial waiver in Florida. The Act does not expressly prohibit nonresidents from seeking an abortion in Florida nor does it expressly prohibit nonresidents from seeking a judicial waiver in Florida. See Doe v. Bolton, 410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201 (1973) (holding unconstitutional the provision in a Georgia abortion statute limiting abortions to Georgia residents); Ind. Planned Parenthood Affiliates Ass'n, Inc. v. Pearson, 716 F.2d 1127 (7th Cir.1983) (stating that if the Indiana parental notification statute "barred out-of-state minors from employing the judicial bypass procedure, it would be unconstitutional because the effect would be to prohibit mature out-of-state minors from having abortions in Indiana"). In Womancare, the court found that for out-of-state minors, jurisdiction exists in the circuit courts to consider *630 a judicial waiver petition and because no venue was specified, no venue was preferred.
This court has stated that remand for a new hearing is not authorized in a judicial waiver case because "remand for a new hearing would have violated the legislative intention for this type of proceeding to progress through the judicial system without delay and within the time limits specified in section 390.01114." In re Doe 06-C, 948 So.2d 30, 33 (Fla. 1st DCA 2006) (citing In re Doe, 932 So.2d 278 (Fla. 2d DCA 2005), and In re A.S., 909 So.2d 524 (Fla. 1st DCA 2005)). In Doe, the Second District Court of Appeal stated that remand for the purpose of supplying appropriate findings of fact would violate the legislative intention that judicial waiver petitions progress through the justice system without delay. The Second District court stated:
To carve an exception for orders that lack the mandatory findings necessary for appellate review would be beyond our constitutionally-assigned purview, would violate the letter of the appellate rule, and would contravene the clearly expressed intention of the legislature. Moreover, we are loath to deviate from a carefully crafted statutory and procedural scheme for resolving issues that are both deeply personal and widely debated. Such a course is fraught with the danger of undermining public and individual confidence in the ability or will-ingness of our government to devise clear rules for deciding these difficult questions and to adhere to them.
Doe, 932 So.2d at 283. Similarly, in A.S. this court stated that section 390.01114(4) provides:
that the trial court is allowed only two days to complete its work on the case (unless the time has been extended at the request of the minor), that the district court of appeal is allowed only ten days to complete its work on the case, and that if either of these courts fails to complete its work on time, the petition must be granted.
A.S., 909 So.2d at 525. Doe 06-C, Doe, and A.S. all suggest that the legislature intended to impose a strict procedural scheme in section 390.01114 and established a bright line rule against remand for a new hearing.
Accordingly, we previously issued an order which reversed the circuit court's order dismissing the petition for judicial waiver of parental notification and remanded with directions to forthwith enter an order granting the petition and directing the clerk of the circuit court to place a certificate to that effect in the file and provide appellant with a certified copy of that certificate.
REVERSED and REMANDED with instructions.
BROWNING, C.J., BARFIELD and BENTON, JJ., concur.