PER CURIAM.
 

 The minor appeals the trial court’s order deferring her petition for a judicial waiver of parental notice for termination of pregnancy, pending completion of a court-ordered mental health exam. Because no final order has been rendered, we treat the notice of appeal as a petition for a writ of mandamus, and the statute compels the automatic granting of the petition.
 

 Pursuant to section 390.01114(4)(b), Florida Statutes (2010), the trial court “shall rule, and issue written findings of fact and conclusions of law, within 48 hours after the petition is filed, except that the 48-hour limitation may be extended at the request of the minor.” If the court does not rule within 48 hours, the petition is automatically granted, and the clerk must issue the minor a certificate indicating that the notice requirement is waived. Fla. R. Juv. P. 8.820(d)(3).
 

 In this case, the trial court did not rule within 48 hours, and the record does not indicate that the minor consented to the extension of time. Neither the Rules of Juvenile Procedure nor section 390.01114 permits the trial court to defer ruling on a petition for judicial waiver pending a psychological evaluation of the minor. As such, the petition was automatically granted after the expiration of the initial 48-hour window.
 
 See In re
 
 A.S., 909 So.2d 524, 525 (Fla. 1st DCA 2005). Accordingly, we remand with instructions for the trial court to enter an order granting petitioner’s petition and for the clerk of the circuit court to issue a certificate of judicial waiver of notice to petitioner.
 

 The record also reflects that petitioner is a resident of Miami-Dade County. Section 390.01114(4)(a) states that a minor may seek a judicial waiver in “any circuit court in a judicial circuit within the jurisdiction of the District Court of Appeal in which she resides.” The statute establishes the proper venue for these kinds of cases and is not jurisdictional.
 
 In re Doe 07-B,
 
 973 So.2d 627, 629 (Fla. 1st DCA 2008). Because petitioner resides in the jurisdiction of the Third District Court of Appeal, venue in the Seventeenth Judicial Circuit was not proper, and the trial court should have transferred the case to a circuit court within the proper appellate district. However, as the statute is not jurisdictional, and as expeditious review is required, we do not believe that transfer at this date is required or warranted.
 

 Petition granted with instructions.
 

 WARNER, CIKLIN and LEVINE, JJ„ concur.